JONES *v.* GEORGIA.

No. 174, Misc. Decided October 16, 1967.

*Wilbur D. Owens, Jr.,* for petitioner.

*Arthur K. Bolton,* Attorney General of Georgia, *G. Ernest Tidwell,* Executive Assistant Attorney General, and *Marion O. Gordon,* Assistant Attorney General, for respondent.

PER CURIAM.

The motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted.

Petitioner appealed his conviction for murder to the Georgia Supreme Court where he sought reversal on the ground, among others, that the evidence relevant to his claim of systematic exclusion of Negroes from the grand and petit juries drawn in the county established a prima facie case of the denial of equal protection within our

decision in *Whitus* v. *Georgia,* 385 U. S. 545.* The Georgia Supreme Court affirmed the conviction stating that *Whitus* was distinguishable because "public officers are presumed to have discharged their sworn official duties. . . . Under the testimony in this case we can not assume that the jury commissioners did not eliminate prospective jurors on the basis of their competency to serve, rather than because of racial discrimination." 223 Ga. 157, 162, 154 S. E. 2d 228, 232.

We hold that the burden upon the State to explain "the disparity between the percentage of Negroes on the tax digest and those on the venires," *Whitus, supra,* at 552, was not met by the Georgia Supreme Court's reliance on the stated presumptions. See *Arnold* v. *North Carolina,* 376 U. S. 773; *Eubanks* v. *Louisiana,* 356 U. S. 584; *Williams* v. *Georgia,* 349 U. S. 375; *Avery* v. *Georgia,* 345 U. S. 559; *Cassell* v. *Texas,* 339 U. S. 282; *Norris* v. *Alabama,* 294 U. S. 587. We therefore reverse the judgment of the Georgia Supreme Court and remand for further proceedings not inconsistent with our opinion.

*It is so ordered.*

---

*The record supports the following comparison of the salient facts in *Whitus* and in petitioner's case:

|  | *Whitus* | *Petitioner's case* |
|---|---|---|
| Over 21 population | 42.6% Negro men | 30.7% Negro |
| Jury Commissioners | White (apparently) | White |
| Source of juror names | Tax Digests separated and identified as to race | 3 Tax Digests, two of which separated and identified as to race |
| Taxpayers | 27.1% Negro | 19.7% Negro |
| Negro jurors | 9.1% grand jury venire <br> 7.8% petit jury venire | 5.0% of jury list and box (1 Negro was on the grand jury which indicted petitioner) |
| Rebuttal evidence by State | None | None |