## SIMS *v.* GEORGIA.

No. 678.  Decided December 18, 1967.

*Jack Greenberg, James M. Nabrit III, Anthony G. Amsterdam* and *Howard Moore, Jr.,* for petitioner.

PER CURIAM.

This case is before us for the second time. Last Term we granted certiorari to consider five constitutional questions raised by petitioner in challenging his conviction for rape and his accompanying death sentence. 384 U. S. 998 (1966). Because we decided the case on the ground that petitioner had not received the hearing on the voluntariness of a confession introduced against him required by our decision in *Jackson* v. *Denno,* 378 U. S. 368 (1964), we did not reach the other issues argued by the parties. 385 U. S. 538 (1967).

On remand the case was submitted to the judge who had presided at petitioner's original trial on the basis of the printed record previously before this Court. On that record alone the trial judge determined that petitioner's confession had been voluntary and denied a new trial. The trial court specifically refused to pass on any of the other questions previously briefed and argued here, holding that the prior rulings on these issues by the Georgia Supreme Court constituted the law of the case. The Georgia Supreme Court affirmed, upholding the trial court on all points.

In his present application petitioner raises again two of the four issues not reached in our previous decision in this case: the voluntariness of his confession and the composition of the juries by which he was indicted and tried.* In response to the State's previous argument that "there was no evidence to make any issue of voluntariness" and

---

*The State has not filed a response. While ordinarily we would call for a response before deciding a case summarily, the exact issues presented now were briefed and argued fully by the State and petitioner last Term. Since the proceedings below on remand consisted solely of a reconsideration of the printed record previously before us, we see no need for another presentation of the arguments already presented to us by the State.

therefore there was no need to apply *Jackson* v. *Denno,* Mr. Justice Clark stated:

"We cannot agree. There was a definite, clear-cut issue here. Petitioner testified that Doctor Jackson physically abused him while he was in his office and that he was suffering from that abuse when he made the statement, thereby rendering such confession involuntary and the result of coercion. The doctor admitted that he saw petitioner on the floor of his office; that he helped him disrobe and that he knew that petitioner required hospital treatment because of the laceration over his eye but he denied that petitioner was actually abused in his presence. He was unable to state, however, that the state patrolmen did not commit the alleged offenses against petitioner's person because he was not in the room during the entire time in which the petitioner and the patrolmen were there. In fact, the doctor was quite evasive in his testimony and none of the officers present during the incident were produced as witnesses. Petitioner's claim of mistreatment, therefore, went uncontradicted as to the officers and was in conflict with the testimony of the physician." 385 U. S., at 543.

Thus in remanding the case for a hearing on voluntariness we indicated to the State that as the evidence then stood it had failed adequately to rebut petitioner's testimony that he had been subjected to physical violence prior to his confession. The State had every opportunity to offer the police officers, whose failure to testify had already been commented upon here, to contradict petitioner's version of the events. Its failure to do so when given a second chance lends support to the conclusion that their testimony would not, in fact, have rebutted petitioner's.

It needs no extended citation of cases to show that a confession produced by violence or threats of violence is involuntary and cannot constitutionally be used against the person giving it. *Beecher* v. *Alabama, ante,* p. 35. The reliance by the State on subsequent warnings made to petitioner prior to his confessing is misplaced. Petitioner had been in the continuous custody of the police for over eight hours and had not been fed at all during that time. He had not been given access to family, friends, or counsel at any point. He is an illiterate, with only a third grade education, whose mental capacity is decidedly limited. Under such circumstances the fact that the police may have warned petitioner of his right not to speak is of little significance. See *Beecher* v. *Alabama, supra,* at 37, n. 4. Compare *Fikes* v. *Alabama,* 352 U. S. 191 (1957).

Petitioner also contends that he was indicted and tried by juries from which members of his race had been unconstitutionally excluded. The facts reveal that the grand and petit jury lists were drawn from the county tax digests which separately listed taxpayers by race in conformity with then existing Georgia law. Negroes constituted 24.4% of the individual taxpayers in the county. However, they amounted to only 4.7% of the names on the grand jury list and 9.8% of the names on the traverse jury list from which petitioner's grand and petit juries were selected. The State's only response to that showing was to call one of the jury commissioners as a witness; the jury commissioner testified that he or one of the other commissioners knew personally every qualified person in the county and did not discriminate in selecting names for the jury lists. The facts in this case make it virtually indistinguishable from *Whitus* v. *Georgia,* 385 U. S. 545 (1967). Accordingly, it is clear that the juries by which petitioner was indicted and tried were selected in a man-

ner that does not comport with constitutional requirements. See also *Jones* v. *Georgia, ante,* p. 24.

The petition for a writ of certiorari is granted, the judgment of the Supreme Court of Georgia is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.

*It is so ordered.*