UNITED STATES ex rel. Clarence
**WILSON**

v.

Honorable Victor G. **WALKER,** Warden,
Louisiana State Penitentiary, Angola,
Louisiana.

No. 726.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

June 27, 1969.

Bruce C. Waltzer, Fine & Waltzer, New Orleans, La., Sylvia Roberts, Baton Rouge, La., for petitioner.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Jack E. Yelverton, Asst. Atty. Gen. of Louisiana, Baton Rouge, La., Leonard E. Yokum, Dist. Atty., Parish of Tangipahoa, Hammond, La., for respondent.

## MISCELLANEOUS

WEST, Chief Judge:

On January 24, 1967, this Court, for written reasons assigned, denied petitioner's application for a writ of habeas corpus, 263 F.Supp. 289. It was the opinion of this Court that petitioner had failed to prove by a preponderance of the evidence that there had been a systematic exclusion of negroes from the grand jury which indicted petitioner or from the petit jury by which he was tried and convicted. Petitioner appealed from this ruling and the United States Court of Appeals for the Fifth Circuit remanded the case to this Court in order that petitioner might have the opportunity to present more factual evidence in support of his contentions. Thereafter, petitioner filed in the record of this case certified copies of jury records of Tangipahoa Parish covering the period January, 1958 through August, 1960, after which it was agreed between Court and counsel that the matter would then be submitted on the record and briefs of counsel. Now, after considering the new record in this case, it is the opinion of this Court that, subject to the right of the State of Louisiana to re-indict

and re-try petitioner in accordance with law, petitioner's application for a writ of habeas corpus must be granted.

The cases of Scott v. Walker, 358 F.2d 561 (CA 5–1966); Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967); Jones v. Georgia, 389 U.S. 24, 88 S.Ct. 4, 19 L.Ed.2d 25 (1967); and Sims v. Georgia, 389 U.S. 404, 88 S.Ct. 523, 19 L.Ed.2d 634 (1967), are controlling. In each of those cases the petitioners established a prima facie case of systematic exclusion of negroes from jury venires by producing records showing, as a matter of fact, that an exceedingly small number of negroes had customarily been included in the jury venires. In each case it was held that the testimony of jury commissioners alone to the effect that they did not discriminate was not sufficient to rebut the presumption established by the prima facie case made by petitioner. In *Scott* the petitioner showed that negroes comprised 13 per cent of the population and at best, only one per cent of the jurors; in *Whitus* the petitioner showed that negroes comprised 42.6 per cent of the population, 27.1 per cent of the people on the tax rolls from whence jurors were selected, but only 9.1 per cent of the grand jurors, and 7.8 per cent of the petit jurors; in *Jones* petitioner showed that negroes comprised 30.7 per cent of the population, 19.7 per cent of the people on the tax rolls from whence the jurors were selected, and only 5 per cent of the prospective grand and petit jurors; and in *Sims* petitioner showed that negroes comprised 24.4 per cent of the taxpayers and only 9.8 per cent of

the petit jurors and 4.7 per cent of the grand jurors. In each of these cases, the only evidence presented by the State to rebut this evidence was the testimony of the jury commissioners to the effect that they did not discriminate because of race. The Court in each case held that such testimony, of itself, was not sufficient evidence to overcome the presumption of systematic exclusion established by the facts presented by petitioners.

In the present case, the facts presented by the petitioner in the revised record show that negroes constitute 29 per cent of the population over 21 years of age in Tangipahoa Parish and they constitute 15 per cent of the registered voters, from whom the jury venires are selected. The jury venires from January, 1958 through August, 1960 show that negroes comprised only 2.6 per cent of those persons selected for possible jury duty. The State offered no evidence to explain the large discrepancy between the number of negroes selected for jury duty and the number of eligible negroes in the community, and thus, under the holdings of *Scott, Whitus, Jones* and *Sims*, it must be concluded that the State has failed to rebut the presumption created by petitioner's evidence that at the time he was indicted and convicted, there was a systematic exclusion of negroes from the grand and petit juries in Tangipahoa Parish. Thus, subject to the right of the State of Louisiana to re-indict and to re-try petitioner within a reasonable time, a writ of habeas corpus will issue herein as prayed for.