UNITED STATES ex rel. Frank R. TORRES, Petitioner-Appellant,

v.

Vincent R. MANCUSI, Warden, Attica State Prison, Respondent-Appellee.

No. 295, Docket 33641.

United States Court of Appeals, Second Circuit.

Argued Dec. 2, 1969.

Decided May 26, 1970.

---

Paul Windels, Jr., Francis E. Koch, Windels, Merritt & Ingraham, New York City, of counsel, for petitioner-appellant.

Arlene R. Silverman, Deputy Asst. Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen. of New York, for respondent-appellee.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

PER CURIAM.

The appellant in this case, Frank R. Torres, was convicted by a special jury in the New York Supreme Court, New York County, of the crimes of murder in the second degree and assault in the first degree. Having exhausted his state remedies, he now seeks federal habeas corpus, alleging that his conviction should be held invalid on grounds that the use of a special or "blue-ribbon" jury in his case violated the due process and equal protection clauses of the Fourteenth Amendment to the Constitution. Through his assigned counsel he argues that the special jury did not represent a cross section of the community but contained more than an average number of educated and well-to-do persons. Therefore, Torres argues, the special jury was less well equipped than a general jury would have been to pass judgment upon his offense, which he represents was a crime of passion committed by a man of underprivileged background, frail in health, of low intelligence, and who had been working at poorly paid menial jobs. This argument was rejected by the court below, and we affirm on the authority of United States ex rel. Fein v. Deegan, 410 F.2d 13, 22 (2 Cir. 1969), where we recently disposed of exactly the same contentions raised here. There we stated:

"The * * * question presented by this appeal involves a double-barreled attack on the special jury convened by the trial court under the New York blue ribbon jury statute, former New York Judiciary Law § 749-aa, repealed, 1965 New York Laws ch. 778, § 3. First Fein urges that New York's blue ribbon jury statute was unconstitutional because it resulted in a significant overrepresentation of persons from higher income groups with a corresponding under-representation of those from lower income groups. The argument that Fein was thus convicted by an unrepresentative jury presents difficult issues. The analogy is drawn to Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967), and Jones v. Georgia, 289 U.S. 24, 88 S.Ct. 4, 19 L.Ed.2d 25 (1967), where a demonstration that members of a racial group were significantly underrepresented on grand and petit juries was enough to make out a prima facie case of intentional discrimination and a denial of due process and of the equal protection of the laws. Those cases may be distinguishable but, in any event, it is more significant that what we are in effect being asked to do here is to overrule the decisions of the Supreme Court, sustaining by a 5–4 vote the blue ribbon jury against constitutional attack, in Moore v. New York, 333 U.S. 565, 68 S.Ct. 705, 92 L.Ed. 881 (1948), and Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043 (1947), although that Court has not done so yet,* and even though the New York

"* In our own court, we would be overruling Vanderwyde v. Denno, 113 F. Supp. 918 (S.D.N.Y.1953), aff'd per curiam, 210 F.2d 105 (2d Cir. 1954), cert. denied, 347 U.S. 949, 74 S.Ct. 646, 98 L.Ed. 1096 (1954).

blue ribbon jury statute is no longer in effect. It is urged that those decisions would have been different had the Court then considered that the Sixth Amendment applied to the State; however, we believe that we are bound by these decisions until such time as the Court informs us that we are not."

Affirmed.