**Abner Junior STEPHENS, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**No. 70-C-29-D.**

United States District Court,
W. D. Virginia,
Danville Division.
July 9, 1970.

Henry W. McLaughlin, III, Halifax, Va., for plaintiff.

Edward J. White, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Abner Junior Stephens, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed in this court on May 4, 1970.

Petitioner is currently serving a sentence of five years in the Virginia State Penitentiary, pursuant to a judgment of the Circuit Court of Halifax County, imposed on August 29, 1968, for voluntary manslaughter. Petitioner, represented by counsel, entered a plea of not guilty and was tried by a jury.

Petitioner alleges only one claim by this petition—that Negroes were systematically excluded from the grand and petit juries of the Circuit Court of Halifax County. Without finding that petitioner's rights had been violated, the trial judge by pre-trial hearing inquired into the relief petitioner sought. While it appeared that petitioner wanted new jury commissioners appointed and a new jury chosen, the trial judge offered to put that number of Negroes on the jury which petitioner thought would be needed to afford a fair trial. The petitioner refused this offer and the trial judge found there was no systematic exclusion of jurors from the grand or petit juries. On appeal to the Virginia Supreme Court of Appeals, the judgment of the trial court was affirmed. By presenting the claim to the highest court of the state, petitioner has exhausted his available state remedies on that claim in compliance with 28 U.S.C. § 2254. Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963).

To support this claim, petitioner introduced into evidence at the pre-trial hearing the grand and petit jury lists for twenty years preceding. In the subsequent case of Commonwealth of Virginia v. James Isaac Edmunds, tried in the Circuit Court of Halifax, the Commonwealth's Attorney and counsel for the defense made certain stipulations based on the evidence presented at petitioner's

pre-trial hearing. They stipulated the number of white and Negro jurors (grand and petit) for each term of the Circuit Court of Halifax from January, 1949, through September, 1969.

Petitioner has sought, under Rule 36 of the Federal Rules of Civil Procedure, a request for the admission of essentially those facts which were stipulated in Commonwealth of Virginia v. Edmunds. Respondent objects to the request on the ground that the material is irrelevant. Finding the evidence to be relevant, the court accepts into evidence the factual stipulations made in *Edmunds* insofar as they relate to juries selected for or before petitioner's trial.

■ With regard to the grand juries, petitioner asserts that the failure to have more than one Negro on any one grand jury demonstrates discrimination. This court has recently held in Fuller v. Cox, 315 F.Supp. 867 (W.D.Va.1970), that this fact does not establish a *prima facie* case.

Also, petitioner asserts that the disparity between the percentages of Negroes in the community and the percentage of Negroes on the juries demonstrates discrimination. The 1960 Census shows that in the County of Halifax the adult white population was approximately 66% and the adult non-white population was approximately 34%. For the year preceding petitioner's trial (September term, 1967 through July term, 1968), approximately 15.8% of the composition of the grand juries was Negro. For a two year period preceding petitioner's trial there was approximately the same percent of Negroes on the petit juries.

■ The burden of proof is initially on the petitioner to demonstrate purposeful discrimination based on race. Swain v. State of Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Tarrance v. State of Fla., 188 U.S. 519, 23 S.Ct. 402, 47 L.Ed. 572 (1903). Petitioner may make out a *prima facie* case of discrimination by the establishment of certain evidence. See Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970); Jones v. Georgia, 389 U.S. 24, 88 S.Ct. 4, 19 L.Ed.2d 25 (1967); Whitus v. State of Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967). However, a mere disparity without other facts showing discrimination is not sufficient to establish a *prima facie* case. See Swain v. State of Alabama, *supra*. In the absence of facts showing the percentage of those of each race qualified and willing to serve, coupled with other facts and circumstances indicating discrimination, it is impossible to say that discrimination has taken place. When the evidence does not indicate any discriminatory procedure used to select the jurors, the establishment of a *prima facie* case solely because of the disparity fails. See Turner v. Fouche, *supra*; Swain v. State of Alabama, *supra*.

The evidence here does not disclose any procedure used in the selection of jurors which is likely to discriminate against any race. Negroes have served as jury commissioners for the Circuit Court of Halifax County. There is no claim that the jurors were designated by race or selected from a segregated list. The jurors do not appear to have been selected for other considerations than their qualifications.

■ To hold that a *prima facie* case is made on showing a disparity in percentages as in this case would be to establish a standard which has no basis in fact and which unjustifiably places a cloud over other valid convictions in that same court, and albeit to place a shadow on the countless other convictions had in courts with as great or greater disparity. However, if the disparity were great enough and the surrounding facts justified the conclusion that men of reason would assume discrimination, after considering all reasonable explanations, a *prima facie* case might well be established. In the present case the court cannot reasonably assume that the disparity was the result of purposeful and systematic discrimination.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.