240 So.2d 260 (1970)
Howard H. SPENCER
v.
STATE of Mississippi.
No. 45947.
Supreme Court of Mississippi.
October 12, 1970.
*261 W.S. Moore, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Timmie Hancock, Sp. Asst. Atty. Gen., Jackson, for appellee.
BRADY, Justice.
This is an appeal from the Circuit Court of the First Circuit Court District of Hinds County, Mississippi, wherein the appellant was found guilty on a charge of possession of marijuana. From this verdict the appellant was sentenced to serve a term of three years in the Mississippi State Penitentiary, to pay a fine of $1,000 and to stand committed until the fine was paid. From this verdict an appeal is taken.
It will be unnecessary to state all of the facts in this case for the reason that consideration thereof is not necessary for the disposition of this cause. The state and the appellant stipulated as to the list prepared by the circuit clerk of the people eligible to serve on juries in the First Judicial District of Hinds County, Mississippi, for the years 1966 through 1969. The state and the appellant further stipulated to the census figures for 1960 as to the percentages of each race in the district.
H.T. Ashford, Jr., Circuit Clerk of Hinds County, Mississippi, testified that all of the people who registered in his office to vote are coded by sex and race. He further testified that, "the code is: `1' is a white male; `2' is a white female; `3' is a colored male; and `4' is a colored female." Mr. Ashford further admitted that none of the men and women who were registered by the federal registrars were included on the venire for the year 1968-69 for the reason that the board of supervisors had no way of knowing whether the people registered by the federal registrars could read or write. He further stated that the federal registrations were added to the voter list in August 1968. The record discloses that the appellant is a Negro and that there were six Negroes on the Grand Jury which indicted the appellant. The record also discloses that all the prospective jurors tendered to the parties were white; however, two Negroes were excused from the jury list for what the court deemed valid reasons.
*262 The venire used for the year, commencing approximately May 1, 1968, and ending approximately April 30, 1969, was prepared by Mrs. Dell Cook, a Hinds County deputy clerk. She prepared the list which was approved in April 1968 and also the list which was approved in August 1968. She testified that she did not follow any system in making the list but only looked for the markings that showed whether or not they had served within the last two years. Mrs. Cook further testified that she put asterisks beside the names of "colored people" because she was instructed to so designate them.
It was stipulated between the state and appellant that by the beginning of 1968 the federal registrars had registered 7,915 people for the First Judicial District of Hinds County, Mississippi, who were essentially all Negroes.
The 1960 census figures showed a percentage population in the First Judicial District of Hinds County of 36.2% colored and the percentage of those on the jury list reached a maximum of 12.52% in 1967 and then was reduced to 2.97% for the men and 4.31% for the women in the year 1968-69, the year the appellant was indicted, tried and convicted. The trial court refused to permit a showing for years prior to 1967. The evidence establishes a prima facie showing of purposeful discrimination on the part of the state. It is well settled that the long continued absence or underrepresentation of Negroes on juries makes a prima facie case of discrimination. Williams v. State, 210 So.2d 780 (Miss. 1968); Watts v. State, 196 So.2d 79 (Miss. 1967); Shinall v. State, 187 So.2d 840 (Miss. 1966); Black v. State, 187 So.2d 815 (Miss. 1966); Bass v. State, 254 Miss. 723, 182 So.2d 591, 183 So.2d 483 (1966); Harper v. State, 251 Miss. 699, 171 So.2d 129 (1965). The evidence presented by the appellant in this case placed a burden on the state to prove that the absence or underrepresentation resulted from something other than the purposeful discrimination. Furthermore, the testimony of the circuit clerk that the persons registered to vote by the federal registrars were excluded from consideration for jury service is an admission per se of discrimination.
The appellant attached as an appendix to his brief the opinions in two recent cases decided in the United States District Court for the Southern District of Mississippi, Jackson Division: Love v. McGee, 297 F. Supp. 1314 (1969) and Goode v. Cook, 319 F. Supp. 246 (1969). (There is no citation on this case.) Goode v. Cook has been to this Court on two different occasions and established that there was purposeful discrimination in the selection of juries in the First Judicial District of Hinds County, Mississippi, in November 1961. Love v. McGee, decided one week prior to the present case, established that there was purposeful discrimination in the selection of juries in the Second Judicial District of Hinds County, Mississippi in March 1969. The same jury selection system used in the present case, being coded list as to white and Negro, male or female, underrepresentation of Negroes, preparation of the list by deputy circuit clerk, omissions of persons registered by the federal registrars, and approval, with minor deletions, by the board of supervisors, was used in Love v. McGee, supra. The facts in the two cases in appellant's brief are strikingly similar to the facts in the case at bar. These two cases as well as Ford v. White, 299 F. Supp. 772 (S.D.Miss. 1969) and King v. Cook, 298 F. Supp. 584 (N.D. Miss. 1969) are grounded upon the rules of law announced in Jones v. Georgia, 389 U.S. 24, 88 S.Ct. 4, 19 L.Ed.2d 25 (1967) and Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967) and control completely the issue of discrimination in this cause. We cannot ignore the decisions of the United States Supreme Court but are bound by them when factually they have application. The better part of valor is denied this Court in this regard. The appellant made out a prima facie case of discrimination against Negroes in violation of the Equal Protection Clause of the *263 Fourteenth Amendment to the Constitution of the United States. Appellee made no effort to explain the discrepancies and disparities established by the appellant and therefore failed to meet the burden imposed upon it.
From the foregoing it follows that the motion twice made by the appellant to quash the indictment, jury venire and panel should have been sustained. The state failed to meet the burden of proof required since the appellant made out a prima facie case of discrimination in the process of jury selection by the appellee. The judgment therefore is reversed and this cause is remanded for reindictment and retrial within a reasonable time by properly constituted juries as hereinabove indicated in Jones v. Georgia, supra, and Whitus v. Georgia, supra, and related cases.
We fail to find any merit in the contention that the arrest of appellant was unlawful and therefore the trial court erred in not sustaining the appellant's motion to suppress the evidence and discharge the appellant. We hold that it was reversible error to grant the state the following instruction which has been repeatedly condemned by this Court for many years:
The Court instructs the jury for the state that you do not have to actually know that the defendant, Howard H. Spencer, is guilty before you can convict him; but that it is only necessary that you should believe from the evidence in this case, beyond a reasonable doubt, that he is guilty as charged; and if you do believe from all the evidence in this case, beyond a reasonable doubt, that the defendant is guilty, then it is your sworn duty to find him guilty as charged.
For the foregoing reasons this cause is reversed and remanded.
Reversed and remanded.
GILLESPIE, P.J., and RODGERS, JONES and INZER, JJ., concur.