**Salvatore Charles GRECH, Petitioner-**
**Appellant,**

v.

**Louie L. WAINWRIGHT, Director of**
**Corrections, State of Florida,**
**Respondent-Appellee.**

**No. 73-3375**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 12, 1974.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Salvatore Charles Grech, pro se.

Barry Scott Richard, J. Robert Olian, Asst. Attys. Gen., Miami, Fla., for respondent-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

GEWIN, Circuit Judge:

Grech, a Florida state prisoner, appeals from the district court's denial of his petition for a writ of habeas corpus. Seeking to upset a state conviction for breaking and entering, robbery and assault with intent to commit murder, Grech argues that three infirmities inhered in his jury trial. Concluding that the district court correctly rejected his contentions, we affirm.

The first two contentions raised by Grech are amenable to facile disposition. His first, that the state trial judge erred in failing to instruct the jury on the lesser included offense of trespass, is controlled by Alligood v. Wainwright, 440 F.2d 642, 643 (5th Cir. 1971) where this court held that this alleged error does not present a federal constitutional question. *See* Higgins v. Wainwright, 424 F.2d 177 (5th Cir. 1970); Flagler v. Wainwright, 423 F.2d 1359 (5th Cir. 1970).

His second contention is that the trial judge erred in denying his motion

for severance of his trial from that of his co-defendant. Critical to its efficacy, however, is evidence that defendant was prejudiced by the joint trial. Our review of the record convinces us that no such evidence exists, and that the Florida Appellate Court's response to this contention was sound:

> "The record does not reveal incompatibility of counsel. The attorneys joined in motions and objections. They both attempted to discredit identifications by the victims and offered a joint exhibit. Gretch [sic] offered to proceed to trial, if the severance had been granted, even though the voir dire of the jury had been conducted substantially by counsel for the co-defendant. Each attorney asserted that his defendant was not at the scene of the crime.

> Largely because each defendant asserted his absence from the scene of the crime, each co-defendant's evidence fails to implicate the other and is not antagonistic. Defendant fails to indicate with specificity at what point the defenses were so antagonistic or inculpatory as to be prejudicial to the extent of reversible error."

Grech v. State, 243 So.2d 216, 218 (Fla. 3 D.C.A. 1971). Agreeing with the Florida Appellate Court's observations, as did the district court, we cannot conclude that the denial of Grech's motion for severance was an abuse of discretion as would amount to a deprivation of due process.

■■ Grech's third contention, that his jury was selected in a manner which does not comport with the Constitution, merits a more extensive discussion.[1] It is prompted by the fact that the trial judge *excused* all Jewish veniremen from jury service because Grech's trial commenced on the Jewish holiday of Yom Kippur.[2] The trial judge's explanation for his action was as follows:

> " . . . Anyone of the Hebrew faith that requested of the Court that they be excused because of Yom Kippur, the Court had excused them along with other individuals who were on the jury venire who had a valid reason to be excused, such as physical or medical reasons supported by a doctor's statement.

> So this was done through the usual procedure through the Clerk of the Court."

■ It is axiomatic that a litigant is entitled not to a jury which mirrors the composition of racial, ethnic and religious groups in the community wherein he resides, but rather merely a jury which is fairly selected.[3] *E. g.,* Alexander v. Louisiana, 405 U.S. 625, 628–629, 92 S.Ct. 1221, 1224–1225, 31 L.Ed.2d 536, 540–541 (1971); Akins v. Texas, 325 U.S. 398, 403, 65 S.Ct. 1276, 89 L.

1. Grech raised his jury selection challenge prior to the voir dire examination of prospective jurors. Hence, this case does not present a question of a waiver of a jury selection challenge under Fla.R.Cr.Pro. Rule 3.300, 33 Florida Stat.Ann. (Supp.1973). *See* Rivera v. Wainwright, 488 F.2d 275 (5th Cir. 1974); Marlin v. State of Florida, 489 F.2d 702 (5th Cir. 1974).

2. In his brief on appeal, Grech also complains of the district court's failure to order an evidentiary hearing on the jury discrimination issue. Specifically, he claims that the record is bereft of any showing as to the manner by which the jurors were questioned concerning their religious opinions and as to the number of prospective jurors who sought and obtained a dispensation from service. However, in the habeas petition filed before the district court, Grech failed to allege and demonstrate the means by which the hearing accorded to him in state court was deficient. Absent some evidence of such shortcomings, Grech would not be entitled to an evidentiary hearing in this district court. *Cf.* Wesley v. State of Alabama, 488 F.2d 30 (5th Cir. 1974); Lowe v. State of Alabama, 487 F.2d 337, 338 (5th Cir. 1973).

3. The record fails to reveal whether Grech adduced evidence that members of the Jewish faith constitute a cognizable class in the geographical area from which his jury was drawn. Proof of cognizability is critical to the efficacy of a constitutional claim of jury exclusion. United States v. De Alba-Conrado, 481 F.2d 1266, 1270 (5th Cir. 1973). Since we decide, in any event, that the excusal was permissible in this case, we need not reach the cognizability issue.

Ed. 1692 (1945); Neal v. Delaware, 103 U.S. 370, 26 L.Ed. 567, 572 (1880); United States v. De Alba-Conrado, 481 F.2d 1266, 1270 (5th Cir. 1973). The only question for our consideration is whether any constitutional impropriety is discernible in the granting of excuses to members of the Jewish faith in this case.

Initially, we would note that the trial judge did not exclude members of the Jewish faith, but rather sought to accommodate their religious proclivities by announcing that those who desired to be excused could upon request be absolved from jury service. Hence, this case is readily distinguishable from those wherein judicial disapprobation was occasioned by a wholesale exclusion of a particular class. *Cf., e. g.,* Thiel v. Southern Pacific Co., 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181 (1946) (exclusion of wage earners invalidated under federal supervisory power); Labat v. Bennett, 365 F.2d 698 (5th Cir. 1966) (exclusion of daily wage earners implicating racial discrimination violates equal protection clause of the fourteenth amendment). Nor is this a case where the absence of a particular race or religious group from a jury was procured by or can be ascribed to a deviation from the appropriate and customary jury selection practice. *Cf., e. g.,* Alexander v. Louisiana, *supra*; Jones v. Georgia, 389 U.S. 24, 88 S.Ct. 4, 19 L. Ed.2d 25 (1967); Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967); Arnold v. North Carolina, 376 U.S. 773, 84 S.Ct. 1032, 12 L.Ed.2d 77 (1964); Avery v. Georgia, 345 U.S. 559, 73 S.Ct. 891, 97 L.Ed. 1244 (1953); Pierre v. Louisiana, 306 U.S. 354, 59 S. Ct. 536, 83 L.Ed. 757 (1939). The trial judge's explanation for his granting of the dispensations in this case, referred to above, dispels any such suggestion.

Thus, this case is comparable to United States v. Suskin, 450 F.2d 596, 599 (2d Cir. 1971) where the Second Circuit held that similar efforts by a district judge solicitous of the religious practices of members of the Jewish faith did not violate the Jury Selection & Service Act of 1968, 28 U.S.C. § 1861 et seq. (1970). This conclusion was reached despite the fact that § 1862 specifically proscribes the exclusion of any citizen from grand or petit jury service on account of "race, color, religion, sex, national origin, or economic status." Since judicial power to invalidate impermissible jury selection practices under the Act is coterminous with the power to invalidate such practices on constitutional grounds, *see* United States v. Di-Tommaso, 405 F.2d 385, 390 (4th Cir. 1968); Rabinowitz v. United States, 366 F.2d 34, 78 (5th Cir. 1966) (Brown, J., concurring). *Id.* at 79 n. 2 (Bell, J., dissenting); *cf.* United States v. Butera, 420 F.2d 564, 568 n. 1 (1st Cir. 1970), the conclusion reached in United States v. Suskin, *supra*, can be appropriately applied to this case. The trial judge's excusal of members of the Jewish faith did no violence to the Constitution in the circumstances of this case.

Affirmed.