STATE of Missouri, Respondent,

v.

Charles David KAISER, Appellant.

No. 59100.

Supreme Court of Missouri,
En Banc.

Feb. 9, 1976.

James F. Crews (Kibbe, Crews & Gaw), Tipton, for appellant.

John C. Danforth, Atty. Gen. (Robert L. Presson), Jefferson City, for respondent.

PER CURIAM:

Upon application of plaintiff-respondent, this cause was transferred to this court from the Court of Appeals, Kansas City District, after the filing of an opinion therein. The same has been re-argued and submitted in this court, and we approve and adopt as our own the opinion heretofore written by Higgins, S. J., without the use of quotation marks, as follows:

Charles David Kaiser was convicted by a jury of a third offense of driving a motor vehicle while intoxicated, a felony. His punishment was assessed at 90 days' confinement in the county jail, and sentence and judgment were rendered accordingly. Section 564.440, RSMo 1969.

The information charged: that Charles David Kaiser was, on September 11, 1968, convicted in the Magistrate Court of Cooper County, Missouri, of driving while intoxicated, a misdemeanor, ordered to pay a fine of $100, and did pay such fine; and was, on August 22, 1969, convicted in the Magistrate Court of Boone County, Missouri, of driving while intoxicated, a misdemeanor, sentenced to 15 days' confinement in the county jail; and thereafter on December 31, 1971, in Moniteau County, did wilfully, unlawfully and feloniously drive a motor vehicle while in an intoxicated condition.

Although questioning the admissibility of a Breathalyzer test, appellant does not otherwise question the sufficiency of evidence to show that he drove a motor vehicle while intoxicated; and a jury reasonably could find that on December 31, 1971, at about 2:30 a.m., defendant was observed driving his automobile in California, Moniteau County, Missouri; that the automobile was weaving; that defendant signaled for a turn which he did not make, and drove through two stop signs without stopping; that defendant's face was flushed, his eyes were bloodshot, his clothing was somewhat disarranged, he was sleepy, and the odor of alcohol was on his breath; that the reading on the Breathalyzer test showed defendant to be intoxicated at the time it was administered shortly after his arrest; that arresting officers were of the opinion defendant was intoxicated.

Appellant contends the court erred in requiring defendant, over his objection and claim of immunity from self-incrimination, to testify against himself and to supply evidence to convict himself with respect to the two former convictions necessary to make the instant charge a felony.

Under Section 564.440, supra, one who operates a motor vehicle while in an intoxicated condition is deemed guilty of a misdemeanor on conviction for the first two violations, and a felony on conviction for the third and subsequent violations. "Evidence of prior convictions shall be heard and determined by the trial court, out of the hearing of the jury prior to the submission of the case to the jury, and the court shall enter its findings thereon."

The trial court, pursuant to the statute, conducted a hearing in chambers prior to impaneling the jury and the following transpired:

"The information here alleges that this is the third offense * * * Mr. Crews, does the defendant admit those two convictions? MR. CREWS [for defendant]: No, Your Honor. MR. HAWK [prosecuting attorney]: Your Honor, at this time I would ask that the defendant be sworn. THE COURT: All, right.

"CHARLES DAVID KAISER, being duly sworn, testified as follows:

"DIRECT EXAMINATION BY MR. HAWK:

"Q Would you state your full name for the record, please. A Charles David Kaiser. Q Mr. Kaiser, is it true that on September 11 of 1968 that you were convicted of driving while intoxicated in the Magistrate Court of Cooper County, Missouri?

"MR. CREWS: I will enter my objection to that question upon the basis it is requiring him to testify against himself in this case. There is a method of proof by which the Prosecutor can prove up the two prior convictions and this questioning is improper.

"THE COURT: The objection is overruled. He will be required to answer.

"A Yes, sir.

"Q (By Mr. Hawk) You were convicted upon September 11, 1968 in the Magistrate Court of Cooper County, Missouri, of driving while intoxicated? A Yes, sir.

"Q And in compliance with your conviction you were assessed a fine of $100.00, a week end in the county jail and the costs of $11.00, and the jail sentence was suspended, is that correct? A Yes, sir.

"Q Also, Mr. Kaiser, is it true that upon the 22nd day of August, 1969, in the Magis-

trate Court of Boone County, Missouri, that you were convicted of driving while intoxicated, as a second offense?

"MR. CREWS: I will enter my objection to that question, too, Your Honor, same ground. THE COURT: Objection overruled.

"Q (By Mr. Hawk) You may answer. A Yes, sir. Q The answer was yes? A Yes, sir.

"Q Is it also true that upon your conviction of that offense that the Court did pronounce a sentence upon you that you were sentenced to 15 days in the Boone County jail and the costs, which was $11.00 and your license was revoked for one year thereafter? A Yes, sir."

In addition, the State offered and the court received two transcripts of proceedings purporting to show the foregoing previous convictions. One such transcript showed that Charles David Kaiser was, on September 11, 1968, convicted in the Magistrate Court of Cooper County, Missouri, of driving a motor vehicle while intoxicated, ordered to pay a fine of $100, and did pay such fine. The second such transcript showed that Charles David Kaiser was, on August 22, 1969, convicted in the Magistrate Court of Boone County, Missouri, of driving a motor vehicle while his operator's license was revoked, and sentenced to three days' confinement in the county jail.

It is obvious from the foregoing that, aside from the admissions forced from defendant over his objection, the State failed to show two prior misdemeanor convictions of defendant for driving while intoxicated in order to make and try the current charge as a felony.

The question is whether the procedure employed by the court violated the defendant's constitutional immunity from self-incrimination.

In this case the proof of defendant's prior misdemeanor convictions for driving while intoxicated was an integral part of the trial affecting his substantive rights. The hearing for that purpose was necessary to determine whether defendant was properly and correctly charged with a first or second offense misdemeanor or with a felony and how to instruct the jury on punishment limits if found guilty. *State v. Myers*, 470 S.W.2d 803, 805[4] (Mo.App.1971).

■ Article I, Section 19, Constitution of Missouri, provides: "That no person shall be compelled to testify against himself in a criminal cause * * *." The courts in Missouri have consistently held thereunder that a defendant cannot be compelled to incriminate himself with respect to any of his substantive rights during a criminal trial, e. g., *State ex rel. Attorney General v. Simmons Hardware Co.*, 109 Mo. 118, 18 S.W. 1125, 1127 (1892), "'* * * a witness cannot be compelled to give a link to a chain of evidence by which his conviction of a criminal offense can be insured * * *.'" See also *State v. Topel*, 322 S.W.2d 160 (Mo.App.1959); *State ex rel. Howard v. Allison*, 431 S.W.2d 233 (Mo.App.1968). The respect accorded the constitutional immunity from self-incrimination is well stated in *State v. Faulkner*, 175 Mo. 546, 75 S.W. 116, 135 (Mo.1903): "In Missouri it forms one of the sections of our Bill of Rights and organic law. 'No person can be compelled to testify against himself in a criminal cause.' In every state of the Union a similar provision is found in its Constitution. It is also firmly embodied in the Constitution of the United States. The courts have jealously enforced it in all cases in which it was properly invoked. * * * *Boyd v. United States*, 116 U.S. 616, loc. cit. 631, 6 S.Ct. 524, 29 L.Ed. 746, voiced the sentiment of all American courts * * *: 'Any compulsory discovery by extorting the party's oath or compelling the production of his private books and papers to convict him of crime or to forfeit his property is contrary to the principles of free government. It is abhorrent to the instincts of an Englishman. It is abhorrent to the instincts of an American. It may suit the purposes of despotic power, but it cannot abide the pure atmosphere of political liberty and personal free-

dom.' In our own jurisprudence, from the first volume of our Reports down to the last, the same principle has been fearlessly announced and adhered to."

Only by proof of two prior misdemeanor convictions for driving a motor vehicle while intoxicated could this defendant be tried, convicted and punished as a felon. Such proof was lacking other than that required from the accused himself in violation of his constitutional immunity from self-incrimination.

■ Respondent argues that the transcript exhibits were sufficient in themselves to prove the prior misdemeanor convictions, and thus the error in requiring testimony to the same effect from defendant was harmless error. This may be true with respect to the Cooper County conviction because the transcript did establish that conviction, and error in requiring the same evidence from defendant was thus rendered harmless. *State v. McCollum*, 377 S.W.2d 379 (Mo. 1964). The same is not true, however, with respect to the alleged conviction for driving while intoxicated in Boone County because there was no proof of such other than the admission forced from defendant; and the trial for a third offense as a felony still fails.

Accordingly, the judgment is reversed and the cause is remanded.

SEILER, C. J., and MORGAN, BARDGETT, HENLEY and DONNELLY, JJ., concur.

FINCH, J., dissents in separate dissenting opinion filed.

HOLMAN, J., dissents and concurs in separate dissenting opinion of FINCH, J.

FINCH, Judge (dissenting).

I respectfully dissent.

At the outset, I want to make it crystal clear that my disagreement with the princi-

pal opinion is not with its conclusion that the trial court erred in requiring defendant to testify against himself in the hearing conducted by the judge outside the hearing of the jury for the purpose of determining whether defendant had two prior misdemeanor convictions for driving while intoxicated. I fully agree that this was error and that defendant's testimony cannot be considered in determining whether the State proved two prior convictions. Likewise, I agree that the documentary evidence offered by the State in that same hearing before the judge established only one, not two prior driving while intoxicated convictions of defendant. My sole and only disagreement relates to the remedy afforded, namely, an automatic new trial of the whole case.

The State has briefed and argued the proposition that we should order a limited remand for the purpose of having the trial court conduct a new hearing with defendant present for the purpose of determining whether defendant does have two prior convictions for driving while intoxicated. A new trial would be held only if the State should fail to prove the existence of two prior convictions for driving while intoxicated. This suggestion is not discussed or considered in the principal opinion. In my judgment it should be utilized because there is reason to believe that in such a hearing the State may be able to prove the existence of two prior convictions, thereby obviating the need for a complete new trial.

In addition to charging defendant with driving while intoxicated in Moniteau County on December 31, 1971, the information also alleged that defendant had been convicted in the magistrate court of Cooper County on September 11, 1968, of driving while intoxicated for which he was fined $100, and that he had been convicted in the magistrate court of Boone County on August 22, 1969, of driving while intoxicated, being sentenced thereon to 15 days confinement in the county jail. Thus, defendant

was charged with violating § 564.440(3).[1] At the hearing before the court at the prior trial, the State, in accordance with the last paragraph of § 564.440, undertook to prove two prior convictions. It offered documentary proof of the conviction in Cooper County, but a second document offered in evidence was a conviction on August 22, 1969, of driving a motor vehicle while his operator's license was revoked, for which he was sentenced to three days in jail. This obviously was not the conviction for driving while intoxicated which the information charged was entered in the magistrate court of Boone County on August 22, 1969. It is at least possible, and most likely probable, that on August 22, 1969, defendant was convicted of two offenses in the magistrate court of Boone County, one for driving a motor vehicle while his operator's license was revoked, and one for driving while intoxicated, and that a certified transcript of the wrong conviction was furnished to the prosecuting attorney. If that be the case, then defendant did have two prior misdemeanor convictions for driving while intoxicated, and it was proper to try him under § 564.440(3), with the court instructing the jury on the range of punishment prescribed by that section.

The principal opinion simply assumes that a new trial is necessary by reason of the fact that the court improperly admitted involuntary testimony of defendant and that, excluding that testimony, the State did not establish that there were two prior misdemeanor convictions. In my judgment, it is not necessary or proper to automatically grant a new trial. We have an established procedure which we consistently use in a comparable situation and it should be utilized here.

Sec. 556.280,[2] commonly referred to as the habitual criminal statute, provides that when a person charged with a felony is also charged with and shown to have been con-

---

1. The complete text of § 564.440 is as follows:

"No person shall operate a motor vehicle while in an intoxicated condition. Any person who violates the provisions of this section shall be deemed guilty of a misdemeanor on conviction for the first two violations thereof, and a felony on conviction for the third and subsequent violations thereof, and, on conviction thereof, be punished as follows:

"(1) For the first offense, by a fine of not less than one hundred dollars or by imprisonment in the county jail for a term not exceeding six months, or by both such fine and imprisonment;

"(2) For the second offense, by confinement in the county jail for a term of not less than fifteen days and not exceeding one year;

"(3) For the third and subsequent offenses, by confinement in the county jail for a term of not less than ninety days and not more than one year or by imprisonment by the department of corrections for a term of not less than two years and not exceeding five years.

"Evidence of prior convictions shall be heard and determined by the trial court, out of the hearing of the jury prior to the submission of the case to the jury, and the court shall enter its findings thereon. As amended Laws 1963, p. 686, § 1; Laws 1967, p. 410, § 1."

All statutory references are to RSMo 1969 unless indicated otherwise.

2. Sec. 556.280, insofar as here pertinent, provides as follows:

"If any person convicted of any offense punishable by imprisonment in the penitentiary, or of any attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor, and is charged with having thereafter committed a felony, he shall be tried and if convicted punished as follows:

"(1) If the subsequent offense be such that, upon a first conviction, the offender could be punished by imprisonment in the penitentiary, then the person shall receive such punishment provided by law for the subsequent offense as the trial judge determines after the person has been convicted.

"(2) Evidence of the prior conviction, sentence and subsequent imprisonment or fine, parole, or probation shall be heard and determined by the trial judge, out of the hearing of the jury prior to the submission of the case to the jury, and the court shall enter its findings thereon. If the finding is against the prior conviction, sentence and subsequent imprisonment or fine, parole or probation, then the jury shall determine guilt and punishment as in other cases."

victed previously of an offense punishable by imprisonment in the penitentiary, the trial judge, rather than the jury, shall fix his punishment if he is convicted by the jury of the offense now charged. Under that statute, the trial judge conducts a hearing outside the hearing of the jury in which he determines whether the State establishes the requisite prior conviction and makes a finding thereon. If a prior conviction is shown, the judge submits to the jury only the issue of guilt or innocence of the offense charged and then fixes punishment himself if the jury finds defendant guilty. If the prior conviction is not established, both guilt and extent of punishment are submitted to and determined by the jury.

On several occasions, this court has determined on appeal that the State's proof of a prior conviction which would serve as the foundation for proceeding under § 556.280 was insufficient. The court, in those instances, could have followed the path adopted in the principal opinion and simply ordered a new trial. However, the court did not do that. It recognized that on remand and retrial, the following would occur: (1) the court would first receive evidence outside the hearing of the jury to determine whether defendant had been convicted previously of an offense which would result in § 556.280 being applicable; (2) if the court found that he had been so convicted, it again would submit to the jury the issue of guilt only; and (3) if defendant was convicted, the court again would fix the punishment. In other words, the case would be tried in exactly the same manner as before. In *State v. Hill,* 371 S.W.2d 278 (Mo.1963), the court recognized the lack of any necessity for ordering such a rerun. In that case the court said this at 283:

"* * * Since it appears from the record in evidence most likely that defendant previously was convicted of a felony in a circuit court of this state so that the State promptly can produce the record thereof, and there being no error in the trial of the issue of defendant's guilt herein, we think it not necessary in this case to require an entire new trial, as was done in *State v. Young,* Mo.Sup., 366 S.W.2d 386, where claimed previous convictions were in another state. * * *"

The court then remanded the case to the trial court,

"* * * with directions to the court to cause the defendant to be brought before it to hold a hearing on the issue of former conviction of defendant and if proved to pronounce sentence and judgment against defendant taking all proper procedural steps required therefor by law and the rules of this court but in the alternative if the issue of former conviction be found in favor of defendant to grant him a new trial on all issues." *State v. Hill,* 371 S.W.2d at 283.

This same procedure has been utilized repeatedly. Examples include *State v. Holmes,* 434 S.W.2d 555 (Mo.1968); *State v. Dixon,* 434 S.W.2d 564 (Mo.1968); and *State v. Garrett,* 416 S.W.2d 116 (Mo.1967). The court recognized in each of these cases that a complete new trial was not necessary to determine the threshold question as to prior convictions and that if the limited hearing which it directed should produce proof of the requisite prior conviction, a retrial of the whole case was both unnecessary and wasteful. The procedure utilized adequately protected the rights of the defendant.

As in *Hill, Holmes, Dixon* and *Garrett,* the issue raised by defendant herein does not go to the issue of whether defendant is guilty of the substantive offense with which he was charged, namely, driving while intoxicated in Moniteau County on December 31, 1971. Rather, it goes only to whether defendant had two prior convictions as alleged in the information. The jury only passed upon the issue of whether defendant did or did not drive while intoxicated in Moniteau County on December 11, 1971, and, if he did, what the punishment should be. They heard no evidence concerning the two alleged prior convictions and were not told about them. Such prior convictions entered into only the question of whether the judge would submit to the

jury the range of punishment prescribed by § 564.440(3) or whether he would submit the range of punishment prescribed by § 564.440(2). If, on remand, the State establishes the two prior convictions for driving while intoxicated, the court again would instruct the jury on the range of punishment in exactly the same manner as was done in the first trial. That being true, a retrial should be required *only if* on remand the State is unable to prove the requisite two prior convictions for driving while intoxicated. A complete new trial is no more necessary to determine prior convictions in this case than it was in *Hill, Holmes, Dixon* and *Garrett.*[3]

The exact parallel between these hearings by the court outside the hearing of the jury to determine the existence or non-existence of alleged prior convictions of the defendant in prosecutions under § 556.280 and § 564.440 is demonstrated by the following table:

| | Hearing to determine applicability of § 556.280 (habitual criminal statute) | Hearing to determine applicability of various portions of § 564.440 (driving while intoxicated statute) |
|---|---|---|
| Is the entire hearing outside the hearing of the jury? | Yes | Yes |
| Is the jury informed of the evidence heard in that hearing and what finding the judge makes? | No | No |
| Does the outcome of the hearing alter the evidence the jury may hear in the trial of the offense charged? | No | No |
| Does the finding by the judge in said hearing affect the conduct of the trial other than with respect to instructions with respect to punishment? | No | No |
| Does error of the court in admitting or excluding evidence in the hearing re prior convictions result in error in the trial re determination of guilt or innocence of the offense charged? | No | No |

3. This same procedure for avoiding unnecessary retrials also has been utilized repeatedly by the federal courts and by this court when questions have arisen as to whether the trial court had sufficiently determined the voluntariness of a confession admitted into evidence. The trial court has been directed to conduct a hearing on the issue of voluntariness of the confession and a new trial is given only if the confession is determined to be involuntary and, hence, improperly admitted. *Sims v. Georgia,* 389 U.S. 404, 88 S.Ct. 523, 19 L.Ed.2d 634 (1967); *Sims v. Georgia,* 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967); *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1963); *State v. Ussery,* 452 S.W.2d 146 (Mo.1970); *State v. Taggert,* 443 S.W.2d 168 (Mo.1969); *State v. Edwards,* 435 S.W.2d 1 (Mo.1968); *State v. Augur,* 434 S.W.2d 1 (Mo.1968); *State v. Devoe,* 430 S.W.2d 164 (Mo.1968); *State v. Glenn,* 429 S.W.2d 225 (Mo. banc 1968). See also *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *United States v. Shotwell Mfg. Co.,* 355 U.S. 233, 78 S.Ct. 245, 2 L.Ed.2d 234 (1957).

| | Hearing to determine applicability of § 556.280 (habitual criminal statute) | Hearing to determine applicability of various portions of § 564.440 (driving while intoxicated statute) |
|---|---|---|
| Will the basis of a retrial, including admissibility of evidence re guilt or innocence, be any different than in the first trial if the court finds the existence of the required prior conviction or convictions? | No | No |

I would follow the procedure utilized in the habitual criminal statute cases and would reverse and remand with directions to the trial court to conduct a hearing on the issue of the existence or non-existence of the two prior convictions of driving while intoxicated alleged in the information. Defendant and his counsel should have notice thereof and are entitled to be present and participate. In that hearing the judge could not consider the testimony which defendant was forced to give against himself in the previous hearing on this issue. If the court determines that the State does not prove the two prior convictions, the court should then proceed with a new trial, with the instructions specifying the range in punishment prescribed by § 564.440(2). However, if both prior convictions are established, no new trial is necessary and the trial court should resentence defendant on the basis of the verdict in the prior trial.

Our trial courts are attempting to cope with an ever increasing caseload. In his address to the General Assembly on January 8, 1976, the Chief Justice noted a substantial increase in cases filed during the fiscal year ending June 30, 1975, as compared with the preceding year. He also noted creation of several new judgeships to help handle the increased volume. It appears likely that this trend will continue and that we will be asking for more personnel from time to time. Under such circumstances, I can conceive of no reason why we should require trial courts to retry cases such as this one when we have a time-tested procedure which is less time consuming and which we have utilized repeatedly in comparable situations. Such procedure has the approval of the United States Supreme Court, and it adequately protects the rights of accused. I find it difficult to justify asking for more personnel if we decline to utilize such established and approved procedures to avoid unnecessary and repetitive proceedings, with the resultant waste of both time and money.