The State's post-opinion motion is denied.

**STATE of Missouri, Plaintiff–Respondent,**

v.

**Sterling BURNS, Defendant–Appellant.**

No. 71594.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 17, 1998.

Application for Transfer Denied
June 16, 1998.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant appeals consecutive life sentences for murder in the first degree and armed criminal action. The evidence supported submission of the charged crimes and the guilty verdicts. Defendant shot and killed a young man who was sitting in a parked car. The court submitted, and the jury rejected, defendant's claim of self-defense.

We find no merit in defendant's argument "the trial court erred when it compelled [defendant] to commit to testifying before allowing counsel to question the jury panel on self-defense." During voir dire, defense counsel told the panel "one of the issues in this case is going to be self-defense." The state objected generally because "the case law is that the Court must decide if certain criteria are met before the jury's instructed on self-defense ... [and] I don't think they're going to meet the criteria." The court responded by telling defense counsel, "I'm not going to let you do [voir dire on self-defense] unless you can tell me that your client is going to take the stand and that is what he's going to say." After a discussion with defendant, counsel informed the court that his client would testify. Counsel did voir dire on self-defense. He elected to inform the venire panel that defendant would testify. The court did not require that commitment.

Voir dire is conducted under the supervision of the court, and the nature and extent of the questions counsel may ask are discretionary with the court. *State v. Ramsey*, 864 S.W.2d 320, 335 (Mo. banc 1993). We review for an abuse of discretion and a real probability of injury to the complaining party. *State v. Skelton*, 851 S.W.2d 33, 35 (Mo.App. E.D.1993).

Assuming, without the need to decide, the court erred in requiring a commitment of counsel that defendant would testify, we find no prejudicial error. It did not order

defendant to testify. The court was entitled to an assurance that proposed voir dire questions would be relevant to a disputed issue which would be tried in the case. The prosecuting attorney suggested to the court that the only manner of presenting the proposed defense would be through the testimony of defendant. Apparently, the court concluded that would be true and made the statement which defendant interpreted as an "order" that defendant testify if he proposed to ask self-defense questions during voir dire. However, we do not review or decide a case where the court excluded a self-defense inquiry and evidence was presented to the jury which would support a finding of self-defense. That may require a new trial. We do not review or decide a case where defendant preserved an objection that his testimony was solely a result of an order of court that he testify. That may also require a new trial. This case involves an assurance of counsel to the court that voir dire questions on an issue of self-defense would be relevant through the testimony of defendant. Defendant testified without objection or reference to his commitment or any compulsion by the court. The court did not require counsel to inform the venire panel that defendant would testify. As a matter of tactics or strategy, defense counsel elected to inform and involve the jury in the decision. Nothing occurred during the voir dire proceeding or during the trial which withdrew from defendant his right to decide to testify or not to testify. He had an absolute right not to testify. *State v. Kaiser*, 534 S.W.2d 19, 21 (Mo. banc 1976). We conclude the effort to discover the relevance of voir dire questions was not an order that defendant testify, and it did not prejudice defendant. On the issue of prejudice, defendant's testimony supported the only possible defense to the charged crimes, and there is no support for a finding his testimony aided the state or injured defendant. Point denied.

We also find defendant's second claim of error is without merit. Defendant offered an MAI–CR 3d 306.06 self-defense instruction. The court gave a self-defense instruction. It rejected defendant's offer which included a direction that the jury consider the decedent's reputation for being violent. If there is evidence to support a finding that the decedent had such reputation and that defendant had knowledge of decedent's reputation, then these considerations would be relevant in determining whether defendant had a reasonable belief he was in imminent danger of harm from the decedent. Note on Use No. 6 for this instruction permits the reputation paragraph only if there is evidence defendant was aware of the decedent's reputation for violence. Here, there was no reputation evidence to support any finding. Evidence that decedent once had used a weapon and once may have assaulted someone, does not constitute reputation evidence. The evidence regarding those incidents was before the jury. The instruction which the court submitted permitted the jury to consider that evidence in determining the issue of defendant's reasonable belief. The instruction the court gave submitted the issue in the form supported by the evidence. Point denied.

We affirm.

AHRENS, P.J., and CRANDALL, J., concur.