**Leo Robert WEBB, Jr., Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 54732.**

Supreme Court of Missouri,
Division No. 2.

Dec. 8, 1969.

J. Arnot HILL, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Alfred C. Sikes, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Defendant was found guilty by a jury of stealing copper tubing or pipe of the value of $236, and was sentenced by the court to imprisonment for a term of seven years. Upon appeal that judgment was affirmed. State v. Webb, Mo., 423 S.W.2d 795. He subsequently filed a motion pursuant to Supreme Court Rule 27.26, V.A.M.R., to vacate the judgment and sentence. That motion was denied after an evidentiary hearing, and he has appealed to this court.

The basis for relief alleged in his motion was that he made "an exculpatory statement" which was "unconstitutionally obtained by the police" and used during the trial to his prejudice, and he was thereby deprived of a fair trial and due process of law. He alleged that the statement was obtained after he was placed in " 'custody,' and was under 'interrogation,' without the police first 'warning' [him] of his constitutional right of protection against self-incrimination, and of his constitutional right to presence of counsel, and said statement was used during [his] trial in a manner which deprived [him] of a fair trial and due process of law * * *." There is no allegation which identifies this "statement" or indicates what it contained.

At the evidentiary hearing counsel for defendant first sought to amend the motion to "state that the movant requests permission to call his brother as a witness * * * to prove that the movant did not participate in the stealing of the pipe." The court

granted permission to amend the motion but sustained an objection to the testimony on the ground that "this is a matter that should have been raised in the original trial." Defendant testified, as an offer of proof, that at the time of his trial his brother was in the Algoa Reformatory, but that his attorney, who was employed by defendant, did not arrange to call him as a witness because he did not have time. Defendant offered no testimony directly or indirectly pertaining to the alleged use of an "exculpatory statement."

The allegations in defendant's motion do not prove themselves, and the burden was on defendant to present evidence at the evidentiary hearing establishing his right to relief for the alleged reasons. Supreme Court Rule 27.26(f), V.A. M.R.; State v. Harris, Mo., 428 S.W.2d 497; State v. Hamel, Mo., 420 S.W.2d 264. No evidence whatever was presented in support of the allegation pertaining to the use of the "exculpatory statement," and no right to any relief was established. We note from the opinion as reported at 423 S.W.2d 795 that the only "statement" shown to have been "used" at the trial was first brought out by defendant's counsel on cross-examination.

The only evidence offered by defendant was directed to the issue of his claimed innocence of the charge of which he was found guilty by a jury. A motion pursuant to Supreme Court Rule 27.26, V.A.M.R., cannot be used as a vehicle for a retrial of a criminal case on its merits. State v. Thompson, Mo., 324 S.W.2d 133.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

All of the Judges concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.