**Donald Lee BEISHIR, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56585.**

Supreme Court of Missouri,
Division No. 1.

May 8, 1972.

Motion for Rehearing or to Transfer to Court
En Banc Denied June 12, 1972.

John R. McFarland, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Proceeding under Supreme Court Rule 27.26, V.A.M.R., to set aside judgment and sentence of life imprisonment for robbery in the first degree with a deadly weapon, imposed upon jury verdict.

Beishir's conviction arose out of the holdup of the Sells Food Store in St. Louis on August 22, 1957. Three men participated in the crime. On September 4, 1957, Beishir was arrested in the company of two men and the three were eventually charged with the Sells robbery.

Beishir was charged under the Habitual Criminal Act. Upon a trial, which concluded February 19, 1958, the jury returned a verdict of guilty, along with a finding of applicability of the Second Offender Act, and assessed the punishment at life imprisonment. On appeal, the conviction was affirmed March 14, 1960. State v. Beishir, Mo.Sup., 332 S.W.2d 898.

On May 6, 1968, Beishir filed a pro se motion in the St. Louis Circuit Court to set aside the judgment. Counsel was appointed for Beishir and on July 30, 1970, the motion was amended. A hearing was held, following which the trial court made findings adverse to movant.

One ground for relief was that newly discovered evidence proved beyond a reasonable doubt that the movant did not participate in the Sells robbery. At the hearing, the state objected to the introduction of evidence on that issue on the grounds that it afforded no basis for relief under Supreme Court Rule 27.26, V.A.M.R. The trial court took the evidence, subject to the objection. The evidence was designed to show that two men, since deceased, had admitted that they, rather than Beishir and Stegall, had participated in the Sells robbery. Without ruling on the objection in his final order, the trial court made an extensive finding in which he concluded that there had been no substantial, credible evidence offered to prove the allegations of the motion. On this appeal, movant contends that he is entitled to relief on this ground because the evidence which he offered on this issue was uncontroverted. The state argues that the issue was not cognizable in a 27.26 proceeding and that if it is, the trial court's finding is not clearly erroneous.

■ The state's position that 27.26 does not afford a vehicle for relief on the basis of evidence of another's guilt of the crime is valid and provides adequate basis for affirmance of the trial court's denial of relief on this ground. State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 807–808[7]–[10];

Whitaker v. State, Mo.Sup., 451 S.W.2d 11, 14–15[2]–[6].

■ In any event, appellant does not attack the essential basis of the trial court's ruling on this issue, that is, that no substantial evidence of probative value had been produced to disprove the movant's guilt. Appellant's argument is that, because his evidence was uncontroverted, he is entitled to relief as a matter of law. That position is erroneous. Shoemake v. State, Mo.Sup., 462 S.W.2d 772, 775[1–4]. The trial court had the right and duty to weigh and evaluate the testimony presented to him. Since his conclusion as to the weight and admissibility of such evidence is not here attacked, appellant has not demonstrated that his findings on that score were clearly erroneous.

Appellant next contends that the trial court should have found that appellant was subjected to an unnecessarily suggestive lineup which was so conducive to irreparable mistaken identification as to constitute a denial of due process of law. The only evidence on the issue was appellant's testimony. He testified that he and his two co-arrestees were shown to the Sellses the evening following their arrest. According to movant, Mrs. Sells said that she was not sure, "she couldn't say that was us at the time." According to movant, a detective present at the showup told Mrs. Sells "it was all right, that [if?] we wasn't guilty and courts would turn us loose, just to go on and identify us * * *." Movant also testified that the three men were shown in a lineup the next morning with a Negro and that he and his two co-arrestees were required to put on baseball caps. Movant was unable to say who had viewed him at that lineup.

On the basis of this evidence the trial court found "after considering the totality of circumstances surrounding the identity of the Movant in his case, that the in-court identification of the Movant was proper and not erroneous."

On this issue, movant again asserts his erroneous position that because his testimony was uncontroverted, he is entitled to judgment as a matter of law. The trial court had the right to weigh movant's testimony and pass upon his credibility. Appellant's attack in this court is not upon the findings which the trial court made and which were obviously based upon consideration of credibility of movant's testimony. The erroneous assertion that as a matter of law, based upon his uncontradicted testimony, the trial court should have made other findings does not demonstrate that the findings made are clearly erroneous. That is the burden of appellant on this appeal and he has not met such burden.

Appellant contends that the Habitual Criminal Act was applied in his case in a selective manner, based upon his exercise of his right to a jury trial. He contends that such selective application denied him equal protection of the laws. This contention is based on appellant's testimony that his attorney told him that the prosecutor offered him a two-year sentence in return for a plea of guilty and the fact that appellant and another codefendant, Stegall, who stood trial, were tried under the Habitual Criminal Act and received life sentences, whereas the third person charged in the robbery, Gendron, pleaded guilty after the habitual charge had been eliminated in his case and received a six-year sentence.

The disposition of Gendron's case does not show selective application of the Habitual Criminal Act based solely upon whether or not the accused insisted upon his right to a jury trial. Many considerations could have been involved in the prosecutor's decision that the habitual charge against Gendron should be dropped. In fact there is no evidence that Gendron, although charged as a habitual criminal, actually had prior convictions which would give him that status. As pointed out in *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446, 453:

"Moreover, the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case might imply a policy of selective enforcement, it was not stated that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification."

Here, movant has endeavored to state an "other arbitrary classification," but his mere statement does not prove his allegation.

Appellant contends that the verdict was not in compliance with the court's instructions or the law of Missouri and also that it fails to follow the form of the indictment. These contentions state no basis for collateral attack of the movant's conviction. 39 C.J.S. Habeas Corpus § 24, p. 476; 39 Am.Jur.2d, § 63, p. 225. Appellant's attempted invocation, without citation of supporting authority, of federal and state constitutional guaranties, cannot serve to elevate the objections here raised above their actual status of trial errors, not cognizable in this proceeding. Supreme Court Rule 27.26(b) (3), V.A.M.R.

Judgment affirmed.

HIGGINS, C. , concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

HOLMAN, P. J., concurs.

SEILER, J., concurs in result in separate concurring opinion filed, and concurs in concurring opinion of GERALD M. SMITH, Special Judge.

GERALD M. SMITH, Special Judge, concurs in result in separate concurring opinion filed, and concurs in concurring opinion of SEILER, J.

BARDGETT, J., not sitting.

SEILER, Judge (concurring).

I concur in the result reached and I agree with Smith, Special Judge, that the lineup question cannot be resolved against movant simply on the basis the court did not believe movant's testimony about an invalid lineup.

It is undisputed the state did arrange for and subject movant to a lineup. It is the obligation of the state to use only a fair lineup. Therefore, once movant produces evidence challenging the lineup the burden of going forward with evidence to show it was constitutionally permissible should shift to the state. Merely because the trier of the fact does not believe the movant does not establish the opposite is true and that the lineup was a valid one. In almost every case the state will be in the best position to show the lineup was valid and if it remains silent when it has witnesses who should be able to contradict movant if his version is false, the failure to come forward, to quote from Sims v. Georgia, 389 U.S. 404, 406, 88 S.Ct. 523, 525, 19 L.Ed.2d 634, " . . . lends support to the conclusion that their testimony would not, in fact, have rebutted petitioner."

Although Beishir's trial antedated United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, it was recognized in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, that the claim the lineup was so unnecessarily suggestive and conducive to irreparable identification that the defendant was denied due process of law is a recognized ground of attack, citing Palmer v. Peyton, (CCA 4) 359 F.2d 199, which invalidated a conviction on this basis where the lineup was held in 1957. The test applied is the totality of the circumstances surrounding the confrontation. We have made this inquiry as to a 1965 confrontation, State v. Blevins (Mo.Sup.) 421 S.W.2d 263, an early 1967 confrontation; State v. Keeney (Mo.Sup.) 425 S.W. 2d 85 and a 1965 confrontation; State v. Cook (Mo.Sup.) 440 S.W.2d 461, where the trials all occurred prior to Stovall v. Denno. In fact, the state concedes in its brief that " . . . certain standards for lineups must be met no matter when the lineup is held. Considering the totality of the circumstances the pre-trial identification cannot be so unnecessarily suggestive as to lead to irreparable mistaken identification."

When we look at the evidence at movant's original trial as well as that at the 27.26 hearing, it cannot be said the circumstances of the lineups were so suggestive and unfair as to lead to irreparable mistaken identification. The lineups used with two of the eye witnesses were of dubious validity, but the lineup used with another was not and even in the first instance, the two witnesses had plausible grounds for identifying defendant in court on the basis of what they saw of him at the time of the robbery. Therefore, I do not believe on the complete record here it can reasonably be said the lineup procedures were so unfair as to deprive defendant of due process on the identification issue or that the finding of the trial court on this issue was clearly erroneous.

Additionally, I think we should amend rule 27.26 to include relief on the basis of newly discovered evidence of another's guilt of the crime of which defendant has been convicted. This is the view of the Standards Relating to Post-Conviction Remedies of the American Bar Association project on the Minimum Standards for Criminal Justice. The position of the Standards is that a post conviction remedy ought to be sufficiently broad to provide relief for meritorious claims challenging judgments of conviction including claims "that there exists evidence of material facts, not theretofore presented and heard, which require vacation of the conviction or sentence in the interest of justice", Post-

Conviction Remedies, 2.1 Grounds for Relief (a) (v), pp. 32, 34–35.

As our rule now stands, if evidence comes to light which proves his innocence, there is nothing a defendant can do about using it to obtain a new trial unless he is lucky enough to learn about it in time to include it in his motion for a new trial. This is not reasonable or just.

GERALD M. SMITH, Special Judge (concurring).

I concur in the result reached but am unable to do so on the basis stated in the opinion of Welborn, C. As I understand the opinion the action of the trial court is upheld solely on a determination that the trial court disbelieved the evidence presented by movant concerning the lineups. The trial court made no such finding. The state presented no evidence to contradict movant's evidence of the circumstances surrounding the two lineups conducted nor did the state attempt to explain its failure to present conflicting evidence. In such posture I cannot agree that appellate review of the court's action can be premised on a determination that the trial court made an unstated finding against movant's credibility. If it may be so premised I see little value in appellate review of 27.26 cases at all.

Since neither United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, nor Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, is retroactive in application, the movant's attack on the lineups is limited to the due process claim that they were so suggestive as to lead to irreparable mistaken identification. See Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. The evidence at movant's original trial is, in my opinion, sufficient to demonstrate that under the totality of the circumstances the identification of movant at trial had an independent basis other than the lineups. This was the basis of the trial court's finding and I cannot say it is clearly erroneous.