STATE of Missouri, Respondent,

v.

William Homer STEGALL, Appellant.

No. 56647.

Supreme Court of Missouri, Division No. 1.

Oct. 9, 1972.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for appellant.

Herbert A. Mack and Richard C. Beard, St. Louis, for appellant.

HIGGINS, Commissioner.

Appeal (taken prior to January 1, 1972) from denial, after evidentiary hearing, of motion under Rule 27.26, V.A.M.R., to vacate and set aside judgment of conviction of robbery, first degree.

This conviction arose from the armed robbery by three men of Sells Food Store in St. Louis, August 22, 1957. On September 4, 1957, defendant was arrested along with Vincent Gendron and Donald Lee Beishir, and the three were subsequently charged with the Sells robbery and prior felony conviction.

Vincent Gendron pleaded guilty to the charge; Donald Lee Beishir was convicted by a jury which also found prior conviction and assessed his punishment at life imprisonment. The conviction was af-

firmed, State v. Beishir, Mo., 332 S.W.2d 898; and see also Beishir v. State, Mo., 480 S.W.2d 883, for affirmance of denial of postconviction relief.

William Homer Stegall was charged under Section 556.280, RSMo 1949, V.A.M.S., with five prior felony convictions, of which it was alleged he was "duly convicted," "duly sentenced * * * to imprisonment" in the penitentiary or intermediate reformatory as the case may be, and "duly discharged" from said penitentiary "after and upon lawful compliance" with said sentence; and with robbery, first degree, by means of a dangerous and deadly weapon. Upon trial, the five prior felony convictions were duly proved and were admitted by defendant. The jury returned a verdict of guilty of the robbery, along with a finding of a prior conviction or convictions, all as charged, and assessed the punishment at life imprisonment. The conviction was affirmed. State v. Stegall, Mo., 327 S.W.2d 900.

As grounds for relief, movant's amended motion alleged: (a) the verdict with respect to prior convictions was not in compliance with Instruction 2 or the law because it did not make specific finding that the defendant had been sentenced, imprisoned, and discharged as required by Section 556.280, RSMo 1949, V.A.M.S., and Instruction 2; (b) Instruction No. 2 and the verdict failed to follow the indictment in that by the verdict defendant was not apprised of which "prior conviction or convictions," as submitted by Instruction 2, the jury found; (c) conviction subject to attack by reason of evidence discovered by movant and third parties which proves that defendant did not participate in the Sells robbery.

The evidence, all of which was adduced by movant, came from Major Fred J. Vasel of the St. Louis County Police Department and Annette Freer, widow of George Owens, former acquaintance of Stegall and Beishir, was designed to show that two men, since deceased, had admitted that they, rather than Beishir and Stegall, had participated in the Sells robbery.

The court made these pertinent findings and conclusions in denial of relief:

"3. The State introduced evidence of five prior convictions and the Indictment, Verdict and Instruction No. 2 were as set out in the transcript on [original] appeal.

"4. At that trial Movant and Beishir were identified by Mr. and Mrs. Sells, and Movant, Beishir, and Gendron by Mrs. Godfrey, as having committed the robbery. They also similarly identified the men at a police station about two weeks after the robbery.

"5. Movant's mother, sister and brother-in-law testified he was at his parents' home at the time the robbery was committed.

"6. Gendron testified he had pled guilty to the Sells robbery; that Movant did not participate in it; that he, Bob, and George Owens were in the shop then; that after the Sells robbery George Owens was killed in a stick-up; and that he had been convicted a number of times.

"7. On this Motion, Major Vasel, Chief of Detectives of the St. Louis County Police Department, testified that in 1959 Gendron told him that Movant and Beishir were convicted of the Sells robbery but they were not involved, and that after that he investigated the matter.

"8. He said he was told one Randolph was involved and that he talked to him several times in the West Virginia Penitentiary; that Randolph, who had terminal tuberculosis, eventually said that Movant and Beishir were not involved and he was, but he wouldn't testify to that as it might affect an appeal he had pending; that later from New Orleans Randolph offered to sign a statement clearing Movant and Beishir for money to leave the country; that Randolph was returned to the penitentiary in West Virginia and died there; and that

Randolph was older than Movant, about the same size and had wavier hair.

"9. Major Vasel talked to others who had knowledge about the Sells robbery; Nikonowiez, George Owens' stepfather, who said George Owens said he committed the Sells robbery and Movant and Beishir did not, and he ought to get them an attorney as they were falsely accused; Norman Owens who said George Owens said he was going to get an attorney or put up bail for Movant and Beishir as they were falsely accused; Hunot, Mooney and Williams who said George Owens said Movant and Beishir were being bum-rapped; Link who said George Owens said the day after the Sells robbery the fifty dollars he then paid him came from it; and Bryant who said George Owens said Gendron was with him at the Sells robbery but not Movant and Beishir;

"10. On this Motion, Mrs. Freer, George Owens' wife at the time of his death, testified that shortly after the Sells robbery, he told her Movant and Beishir were arrested for it and he was going to get them an attorney as they were not involved, and he, Gendron, and a fellow from Virginia were; that she had known Movant and Beishir all her life; and that Gendron was an associate of George Owens.

## "CONCLUSIONS

"1. The Indictment, Instruction No. 2, and Verdict were proper and not violative of any right of the Movant under the XIV or VI Amendments to the Constitution of the United States, nor under Article I, Sections 2, 10 and 18(a) of the Constitution of Missouri, V.A.M.S. * * *

"3. Assuming the statements of Randolph and George Owens are admissions against interest, they are not persuasive enough to carry Movant's burden on this Motion, when there was similar testimony in more detail from an admitted participant, as well as identifying testimony from three witnesses, before the jury at the trial."

■ Appellant's principal contention, Point III, is that the court's ruling "was clearly erroneous in failing to grant movant a new trial based upon his discovery of new evidence."

This same evidence was adduced, and its value as a basis for relief was rejected, in Beishir v. State, supra, 480 S.W.2d 883. As in that case, appellant does not attack the essential basis of the court's ruling on that issue, i. e., that the admissions of Randolph and Owens and others are not persuasive enough to disprove movant's guilt; and, absent such attack, appellant has not demonstrated that the court's findings on that issue were clearly erroneous. Beishir v. State, supra, 480 S.W.2d l. c. 885[2, 3].

■ By his Points I and II appellant contends that the verdict was not in compliance with the court's instructions or the law of Missouri and that it fails to follow the form of the indictment.

■ Similar contentions were presented in Beishir v. State and were held to state no basis for collateral attack on movant's conviction. Beishir v. State, supra, 480 S.W.2d l.c. 886[6]. Appellant's attempted invocation of federal and state constitutional guaranties cannot serve to elevate such objections above their actual status of trial errors not cognizable in this proceeding, particularly since defendant's testimony, having established his prior convictions, removed that as an issue and the necessity for its submission separately or alternatively. State v. Hacker, Mo., 214 S.W.2d 413, 417[12].

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the Court.

All of the Judges concur.