Joe Earl **LITTLE**, Plaintiff-Appellant,

v.

**STATE of Missouri**, Defendant-Respondent.

No. 9440.

Missouri Court of Appeals,
Springfield District.

June 15, 1973.

Norman L. Chadwick, Poplar Bluff, for plaintiff-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for defendant-respondent.

PER CURIAM.

Appeal from the judgment of the Circuit Court of Ripley County, Missouri, denying Appellant's motion to vacate a five-year sentence for burglary under Rule 27.26, V.A.M.R. We affirm.

Appellant was convicted by a jury in 1971 and his punishment assessed at five years in the Department of Corrections. Following an unsucessful motion for new trial, allocution, judgment and sentence, appellant was committed to custody of the Department of Corrections. No appeal was taken.

Appellant's motion alleged (1) double jeopardy, (2) ineffective assistance of counsel, (3) failure of the authorities to conduct a line-up and tainted in-court identification, (4) improper conduct by authorities in not permitting witnesses to appear in his behalf and threatening such witnesses, (5) manufacturing of evidence by the prosecuting attorney and police officers resulting in perjury by the complaining witness, and (6) being wrongfully charged with both burglary and stealing.

At an evidentiary hearing the Movant, his brother-in-law, and his trial attorney testified. A transcript of the trial proceedings was made part of the record. The trial court made specific findings of fact and conclusions of law [Rule 27.26(i)] denying appellant's motion.

In this appeal appellant's only point is that in his trial the prosecution failed to affirmatively prove his presence at the scene of the crime.

We have reviewed the transcript of the evidentiary hearing, including the trial transcript, and the authorities cited by the parties in their briefs herein and find no merit to appellant's grounds. Ad-

ditionally, appellant cannot use Rule 27.26 as a substitute for a direct appeal involving mere trial errors and a motion filed thereunder "cannot be used as a vehicle for a retrial of a criminal case on its merits." Webb v. State, 447 S.W.2d 513 (Mo.1969).

The judgment denying appellant's motion is based on findings of fact which are not clearly erroneous. No error of law appears. An opinion would have no precedential value.

Judgment affirmed. Rule 84.16, V.A. M.R.

All concur.