Virgil Dale AGEE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9433.

Missouri Court of Appeals,
Springfield District.

July 10, 1974.

Motion for Rehearing or Transfer to Supreme Court Denied July 23, 1974.

Application to Transfer Denied
Sept. 9, 1974.

John S. Pratt, Springfield, for movant appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

This is a Rule 27.26, V.A.M.R. proceeding wherein Virgil Dale Agee was unsuccessful in obtaining post-conviction relief in the trial court from the 99-year sentence he is presently serving in the penitentiary for statutory rape. Following a lengthy and wide-ranging evidentiary hearing the experienced trial judge entered exhaustive and detailed findings of fact and conclusions of law [consisting of 46 transcript pages] denying appellant's motion. We affirm.

Appellant's motion initially alleged eleven separate grounds as a basis for vacating the judgment and sentence and by amendment additional grounds were alleged and considered. In this appeal twelve grounds are advanced by appellant in support of his motion.

Appellant was convicted of statutory rape by a jury in November of 1970 and the resulting judgment and sentence was affirmed on direct appeal. State v. Agee, 474 S.W.2d 817 (Mo.1971). His appeal included complaints as to the sufficiency of the evidence to identify him as the rapist, instructions, prosecutorial argument, and, also contained a request that his sentence be reduced by the Supreme Court. In considering appellant's request for sentence reduction the court observed that it had examined the trial record and found no prejudice arising from the action of any witnesses, the court or the prosecution. This post-conviction motion followed.

In these proceedings the appellant claims his constitutional rights to a fair trial, due process, self-incrimination, equal protection, confrontation and effective assistance of counsel were violated in the course of his trial and conviction. In view of the foregoing contentions we pause to consider applicable rules which circumscribe Rule 27.26 procedures.

■ The allegations of a motion to vacate are not self-proving and one such as appellant is cast with the burden of establishing his grounds by a preponderance of the evidence. Hall v. State, 496 S.W.2d 300 (Mo.App.1973); Babcock v. State, 485 S.W.2d 85 (Mo.1972); Rule 27.26(f), V.A.M.R. Such a motion cannot be used as a vehicle for a retrial of the criminal case giving rise to the judgment and sentence. Little v. State, 496 S.W.2d 870 (Mo.App. 1973); Webb v. State, 447 S.W.2d 513 (Mo.1969). Nor, can it serve as a conduit for a second appeal. Holt v. State, 494 S.W.2d 657 (Mo.App.1973); Caffey v. State, 482 S.W.2d 449 (Mo.1972). A movant is foreclosed from a second review of issues determined on direct appeal. Mooring v. State, 501 S.W.2d 7 (Mo.1973). And, particularly applicable here in view of the multitudinous constitutional violations charged, trial errors cannot be brought within the scope of a motion to vacate by conclusional allegations that such errors resulted in an unfair or impartial trial, or affected constitutional rights. Booth v. State, 491 S.W.2d 286 (Mo.1973).

■ Appellant's grounds directed towards the prosecuting attorney's cross-examination of appellant's wife and argument concerning her testimony, the testimony of the state's chemist, an emotional display by the rape victim in the view of the jury, and complaints about instructions all fall within the category of trial errors and are beyond the scope of a Rule 27.26 proceeding. O'Neal v. State, 486 S.W.2d 206 (Mo.1972); Sallee v. State, 460 S.W.2d

554 (Mo.1970). Additionally, some of these matters were specifically ruled in appellant's direct appeal and the remainder obviously considered by the Supreme Court in connection with his request for sentence reduction when the court said: "Did specific instances of improper prejudicial action of witnesses, court or prosecution occur? Defendant does not specifically point out any instances of this type of conduct, other than those cited under previous points. *Again, we have examined the record and have not located any such improper actions.*" 474 S.W.2d at 821 (our emphasis). The trial court properly denied appellant's motion as to the foregoing "grounds."

◼ Two other matters before we consider the charge of ineffective assistance of counsel. Appellant claims the denial of his motion was improper by reason of newly discovered evidence. The lower court heard this so-called newly discovered evidence (involving the unsuccessful effort of appellant's sister to obtain a post-trial affidavit from the young victim recanting her identification of appellant as her rapist) and concluded the claim to be without merit, citing State v. Moore, 435 S.W.2d 8 (Mo. banc 1968). We agree and further observe we are cited to no authority holding that an allegation of newly discovered evidence constitutes a valid ground for granting post-conviction relief. See Beishir v. State, 480 S.W.2d 883 (Mo.1972), and Whitaker v. State, 451 S.W.2d 11 (Mo.1970).

◼◼ The other matter for consideration is appellant's contention that as a result of an assault by officers his undershorts were forcibly removed from his body subsequent to his arrest and at a time when he was requesting the presence of an attorney. The court found the article of clothing was forcibly removed from appel-

lant as an incident to his arrest for the purpose of conducting a chemical test for seminal fluid and under State v. Moore, supra, and State v. Robinson, 484 S.W.2d 186 (Mo.1972), the taking of appellant's garment for the purpose of testing was proper. We are not cited to any authority to support appellant's claim he was entitled to have an attorney present when his undershorts were removed and in analogous situations the authorities are contrary to appellant's position. State v. Moore, supra; State v. Chavez, 483 S.W.2d 68 (Mo. 1972). If appellant's claim with respect to the taking by the officers of the article of clothing be construed as a search and seizure problem, as appellant seems to suggest in his brief, two answers come to mind. First, the search and seizure as an incident to a lawful arrest exception to the warrant requirement of the Fourth Amendment to the United States Constitution, and secondly, the inapplicability of a claim of illegal search and seizure in a Rule 27.26 proceeding. Fields v. State, 468 S.W.2d 31 (Mo. 1971); Schleicher v. State, 483 S.W.2d 393 (Mo. banc 1972).

We turn now to the ever-present charge in motions to vacate that the judgment and sentence sought to be vacated would not have resulted but for the ineffective assistance of counsel. We are well aware that irrespective of the findings of experienced state trial judges, who hear the evidence first-hand and have the opportunity to observe the demeanor of the witnesses, and the further determination of state appellate courts that such findings are not clearly erroneous and are supported by the record, there are those with omniscient hindsight who render state post-conviction proceedings an exercise in futility and further "endanger the delicate federal-state relationship in the criminal law enforcement field." Fields v. State, supra. See: McQueen v. Swenson, 498 F.2d 207 (8th Cir. 1974) [1]; Garton v. Swenson, 497 F.2d 1137

---

[1]. Cf. State v. McQueen, 399 S.W.2d 3 (Mo. 1966), cert. den. 384 U.S. 977, 86 S.Ct. 1873, 16 L.Ed.2d 687 (1966); State v. McQueen, 431 S.W.2d 445 (Mo.1968); McQueen v. State, 475 S.W.2d 111 (Mo.1971); McQueen v. Swenson, 357 F.Supp. 557 (E.D. Mo.1973).

(8th Cir. 1974)[2]; Stidham v. Swenson, No. 20,685 (8th Cir. March 28, 1974).[3]

The appellant has charged his court-appointed trial attorney with various errors of omission or commission. The trial court found and concluded that the bulk of appellant's allegations fell within the category of trial tactics or strategy and that appellant, in any event, wholly failed to demonstrate any prejudice resulting to him from his attorney's decisions—some of which the lower court found were agreed to or acquiesced in by appellant. On other of appellant's claims the court found, contrary to appellant's assertions, that the attorney had investigated the case both as to the facts and the law.

The judge who presided at the appellant's trial conducted the evidentiary hearing below. In addition to having personally observed the trial of appellant's criminal case and the conduct of trial counsel throughout, he had the benefit of the trial transcript and the testimony of appellant's former attorney at the evidentiary hearing in considering the charge of ineffective assistance of counsel.

■ We have reviewed the entire record, including the trial transcript, the direct appeal of appellant, the motion to vacate, and the evidence adduced at the evidentiary hearing. We are of the opinion that the defendant had a fair trial and was represented by effective, experienced and competent counsel. The trial court found that appellant failed to sustain the heavy burden inherent in the allegation of ineffective assistance of counsel and as with the court's findings and conclusions as to

appellant's other grounds we cannot say that the judgment is "clearly erroneous."

The judgment is affirmed.

HOGAN, C. J., STONE and TITUS, JJ., and REINHARD, Special Judge, concur.

2. Cf. State v. Garton, 371 S.W.2d 283 (Mo. 1968); State v. Garton, 396 S.W.2d 581 (Mo.1965); Garton v. Swenson, 266 F.Supp. 726 (W.D.Mo.1970); Garton v. State, 454 S.W.2d 522 (Mo.1970); Garton v. Swenson, 367 F.Supp. 1355 (W.D.Mo.1973).

3. Cf. State v. Stidham, 305 S.W.2d 7 (Mo. 1957); State v. Stidham, 403 S.W.2d 616 (Mo.1966); State v. Stidham, 449 S.W.2d 634 (Mo.1960); Stidham v. Swenson, 328

F.Supp. 1291 (W.D.Mo.1970); Stidham v. Swenson, 443 F.2d 1327 (8th Cir. 1971); Swenson v. Stidham, 409 U.S. 224, 93 S.Ct. 359, 34 L.Ed.2d 431 (1972), mod., 410 U.S. 904, 93 S.Ct. 955, 35 L.Ed.2d 266 (1973). [In its June 20, 1974, edition the Springfield Daily News reported that "James W. Stidham [was] paroled June 3 from 25-year and life sentences on charges of first-degree robbery and first-degree murder."]