**Clem CARPENTER, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 35617.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 23, 1974.

Motion for Rehearing or Transfer Denied
Sept. 11, 1974.

Application to Transfer Denied
Oct. 14, 1974.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

James C. Jones, Asst. Public Defender, St. Louis, for appellant.

CLEMENS, Judge.

Appeal from an order of the Circuit Court of the City of St. Louis denying movant's 27.26, V.A.M.S. motion to vacate two concurrent 20-year sentences on the alleged ground of double jeopardy.

On January 12, 1972 movant pleaded guilty to two charges of first-degree robbery by means of a dangerous and deadly weapon. These pleas were accepted after movant admitted that on June 16, 1971 while armed with a pistol he had robbed Johnny Brown, the operator of a confectionary, and on the same occasion similarly robbed Lellar Mason, a clerk in the store. Movant was sentenced to concurrent 20-year terms.

As movant correctly points out, the United States Supreme Court has held that an *acquittal* on one charge of robbery can preclude a subsequent prosecution on a second charge. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. Under the Fifth Amendment's guarantee against double jeopardy, the state may be estopped from prosecuting a second time when the accused was previously acquitted of a similar charge arising from the same incident. Movant would now have us apply this reasoning to cases in which the accused was convicted of the first offense rather than acquitted. The Missouri Supreme Court however has decided otherwise. In State v. Moton, 476 S.W.2d 785 (Mo.1972), the court held that where defendant robbed two persons on the same occasion, a conviction for one of the robberies does not bar a prosecution for the other robbery. *Id.* at 790. We are bound by that decision and accordingly find movant's privilege against double jeopardy was not violated by his conviction for both offenses.

The order overruling the 27.26 V.A.M.S. motion is affirmed.

SMITH, P. J., and McMILLIAN and GUNN, JJ., concur.