**James Willie LEE, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 36056.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 8, 1975.

Motion for Rehearing or Transfer
Denied Aug. 7, 1975.

Application to Transfer Denied
Sept. 8, 1975.

G. Jeffrey Lockett, Asst. Public Defender, Circuit Public Defender Bureau, St. Louis, for movant-appellant.

William M. Frain, Asst. Circuit Atty., St. Louis, John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Movant-appellant appeals from a judgment of the Circuit Court of the City of St. Louis denying his motion to vacate a criminal conviction under Supreme Court Rule 27.26, V.A.M.R.

Appellant was convicted by a jury of robbery in the first degree by means of a dangerous and deadly weapon, and sentenced by the court under the Second Of-fender Act to thirty-five (35) years imprisonment. Sections 556.280, 560.120, and 560.135 RSMo 1969, V.A.M.S. His conviction was affirmed by this court on direct appeal. *State v. Lee,* 492 S.W.2d 28 (Mo. App.1973).

Essentially, appellant raises two points on this appeal. First, appellant contends that the trial court erred in not vacating his conviction arguing that in his original trial the jury was not adequately instructed as to criminal intent. Secondly, appellant contends the trial court erred in denying his 27.26 motion because of his claim and proof of newly discovered evidence. We shall take the points in order.

The first point that the instructions were inadequate because the jury was not instructed as to the requisite criminal intent was dismissed by the trial judge because instructional matters are properly the subject matters of direct appeal and not within the scope of a Rule 27.26 proceeding. We agree.

■ Errors in instructions are trial errors and generally cannot be presented in a 27.-26 motion because to do so would transform the motion into a substitute for a direct appeal or for a second appeal. Rule 27.-26(b)(3); *Agee v. State,* 512 S.W.2d 401 (Mo.App.1974); *Brown v. State,* 492 S.W.2d 762 (Mo.1973). Appellant failed to raise instructional error in his direct appeal. *State v. Lee,* supra.

Appellant nevertheless argues that the trial court failed to instruct the jury on criminal intent and this was a "glaring" error and deprived the appellant of a fair trial and due process. Appellant relies on *Tucker v. State,* 481 S.W.2d 10[4] (Mo.) which states at 14: "Matters of instructions, if error at all, are trial errors and are not to be raised collaterally, certainly not unless the error is so glaring as to make the trial unfair. *State v. Smith,* Mo., 411 S.W.2d 208 . . . A motion under Rule 27.26 is not a second appeal or a substitute for a motion for a new trial.

*State v. Hooper,* Mo., 399 S.W.2d 115." We have carefully reviewed the trial court's instructions and find that these instructions clearly and adequately instructed the jury as to the necessary criminal intent.

■ Instruction No. 1 directed the jurors to find appellant guilty of first degree robbery by means of a dangerous and deadly weapon if they believed (among other things) that appellant (1) "Feloniously and willfully and by means of a dangerous and deadly weapon" took the victim's property, and that (2) appellant had "felonious intent then and there to permanently deprive [the victim] of said property and to convert the same to his or their own use." Instruction No. 3 stated in part: "All persons are equally guilty, who act together with a common intent in the commission of a crime . . . If one is only a spectator, innocent of any unlawful act or criminal intent, and does not aid, abet, assist, advise or encourage another or others in the commission of a crime, that person is not liable as a principal or otherwise, and should be acquitted." This contention is without merit.

Secondly, appellant contends that the court erred in not granting him relief on his 27.26 motion because of his claim and proof of newly discovered evidence. At appellant's trial the evidence showed appellant had assisted another man in the robbery of a confectionery. A summary of the trial evidence can be found in the decision of this court affirming appellant's conviction on direct appeal. *State v. Lee,* supra. The only witness at the post-conviction hearing was Clem Carpenter, who had pleaded guilty to two charges of first degree robbery by means of a dangerous and deadly weapon and received two concurrent 20 year sentences. Carpenter's pleas of guilty involved the same robbery in which appellant was convicted. Carpenter's pleas of guilty were upheld by this court in *Carpenter v. State,* 513 S.W.2d 702 (Mo.App.1974).

At the 27.26 hearing the transcript of Carpenter's pleas of guilty showed that Carpenter, in answer to a question as to how the robbery took place, stated: "Defendant Carpenter: We goes in and buys a drink, sits in the car, and we go back in and robbed him." At the hearing Carpenter stated he did not know how the word "we" got in his answer. Carpenter testified that he alone committed the robbery and had forced appellant at gun point to collect the money from the victims.

With respect to the testimony of Carpenter as "newly discovered evidence" the trial court, in its Memorandum Opinion, found Carpenter's credibility as a witness "to be impeached by reason of his having been twice convicted of a felony; that his testimony is not sufficiently persuasive to carry Movant's burden on this ground, particularly when it is considered in the light of the testimony of the witnesses who incriminated Movant [at his original trial] as a voluntary participant in the offense."

We first note that newly discovered evidence has been held not to be a basis for relief in a 27.26 proceeding. *Agee v. State,* 512 S.W.2d 401 (Mo.App.1974); *Beishir v. State,* 480 S.W.2d 883 (Mo.1972). Nevertheless, those cases that have so held have also reviewed the sufficiency of the new evidence, and we shall follow their example.

Appellant's principal contention concerning the new evidence is that the trial court, in finding that the new evidence was insufficient to carry the burden of persuasion applied an improper standard of proof and imposed an excessive burden of proof on appellant, and thus denied appellant due process of law. Appellant's theory is that the trial court, in its consideration of new evidence, can only determine whether appellant has proved by a preponderance of the evidence that there is newly discovered evidence and that "it is fit for submission to the jury." Appellant further reasons that by imposing on the appellant the burden of proving not only that the new evidence exists, but also that the weight and credibility of the evidence is such as to erase or seriously question the guilt of appellant, the trial court has usurped the province of the jury. Not so.

**332**

Appellant's theory of the function of the hearing judge as to newly discovered evidence in a 27.26 proceeding, if sustained, would lead to impractical results and transform the trial judge into a robot. If the hearing judge could determine only whether new evidence exists and "is fit for submission to a jury"[1] the trial judge would be deprived of discretion. According to appellant's argument, a prisoner would only have to produce new evidence through affidavits, witnesses, or other means. Once the hearing judge determined the evidence was new, then according to appellant's argument the judge would be forced to grant the prisoner a new trial, wherein the jury would evaluate the weight and credibility of the new evidence. This is not the law.

 The weight of the evidence and credibility of the witnesses are matters for the trial court, and the trial court has the right to reject testimony on behalf of movant in a 27.26 hearing even though there was no contrary evidence offered at the hearing. *Shoemake v. State,* 462 S.W.2d 772 (Mo. banc 1971).

 In a 27.26 proceeding the prisoner has the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f). When the ground for relief is newly discovered evidence, the issue for the court is not simply whether the prisoner has produced new evidence, but whether the prisoner has produced substantial evidence of probative value that tends to disprove his guilt. *State v. Stegall,* 485 S.W.2d 414 (Mo.1972); *Beishir v. State,* supra.

 The experienced trial judge was not compelled to believe Carpenter, *Shoemake v. State,* supra. This is especially true in view of his prior record, his use of the word "we" to describe the participants in the robbery, and the testimony implicating the appellant at appellant's trial.

 Appellate review of 27.26 proceedings is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). Being mindful of the hearing judge's unique opportunity to observe the demeanor of the witness, and having carefully reviewed the records of the original trial and the 27.26 proceeding, we cannot say the hearing judge was clearly erroneous in finding the sole witness's credibility to be questionable and his testimony unpersuasive.

The judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.

---

1. This "fitness" conceivably could be measured by the judge's estimation of its credibility.