**George HATFIELD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 27672.**

Missouri Court of Appeals,
Kansas City District.

Oct. 6, 1975.

Motion for Rehearing and/or Transfer Denied Nov. 3, 1975.

Joe Hamilton Scott, Public Defender, St. Joseph, for appellant.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCH-ARD, C. J., and TURNAGE, J.

PRITCHARD, Chief Judge.

Appellant was originally found guilty of first degree murder and sentenced to life imprisonment on April 13, 1970. He appealed from that conviction unsuccessfully, *State v. Hatfield,* 465 S.W.2d 468 (Mo.1971). He then filed his first motion to vacate or set aside sentence which was ruled against him, *Hatfield v. State,* 487 S.W.2d 574 (Mo. 1972). Subsequently, he filed his second motion to vacate, set aside, or correct judgment of conviction pursuant to Supreme Court Rule 27.26, the one now considered, in which he alleged that he has discovered new evidence (supported by affidavits) which, if found to be true, would demonstrate that in taking the life of his victim he (appellant), either (a) acted in self-defense or (2) was guilty of no greater offense than that of manslaughter; and that because of this newly discovered evidence he is entitled to a new trial.

In response to this second motion to vacate, the State filed a motion to deny applicant's motion to set aside or correct judgment which was sustained by the court below, without hearing, on the basis that allegations of newly discovered evidence "are not grounds for relief under Supreme Court Rule 27.26 or by Error Coram Nobis."

On this appeal the appellant claims that he is entitled to a new trial on the basis of newly discovered evidence, or, "at least" a hearing on his motion to vacate sentence.

■ Appellant cites no Missouri cases in support of his position that newly discovered evidence provides a basis for relief under Rule 27.26 (nor has any been found). To the contrary, appellant states that he "is aware that there is precedent for the proposition that newly discovered evidence is not cognizable in a motion to vacate sentence under Rule 27.26 * * *", citing *Beishir v. State,* 480 S.W.2d 883 (Mo.1972).

In *Beishir* the appellant had filed a 27.26 motion in which he claimed the discovery of new evidence which allegedly demonstrated that two men, since deceased, had admitted that they, rather than Beishir and Beishir's co-defendant, had participated in the robbery for which Beishir had been convicted. The lower court conducted a hearing, subject to the State's objection that the new evidence afforded no grounds for 27.26 relief, and ruled that the allegations concerning new evidence were not proven. On appeal, the Missouri Supreme Court said: "The state's position that 27.26 does not afford a vehicle for relief on the basis of evidence of another's guilt of the crime is valid and provides adequate basis for affirmance of the trial court's denial of relief on this ground."

■ Rule 27.26 has *not* been changed since the *Beishir* case was handed down. Consequently, it must be ruled that the trial

court did not err in denying a hearing and relief to appellant; and since appellant's 27.26 motion involved solely a question of law, the trial court's summary dismissal of the motion was proper. *Meeks v. State,* 512 S.W.2d 215 (Mo.App.1974). Nor does a writ of error coram nobis lie when relief is sought on the ground of newly discovered evidence. *State v. Cerny,* 286 S.W.2d 804 (Mo.1956).

The judgment is affirmed.

All concur.