Roy BIBEE, Appellant,

v.

STATE of Missouri, Respondent.

No. 10033.

Missouri Court of Appeals,
Springfield District.

Oct. 8, 1976.

Charles Buchanan, Asst. Public Defender, Joplin, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

This appeal is from a denial, after evidentiary hearing, of a Rule 27.26 V.A.M.R. motion to set aside a judgment and sentence for robbery. This court affirmed that

judgment in *State v. Bibee*, 496 S.W.2d 305 (Mo.App.1973).

The first of appellant's two contentions is that his motion should have been sustained because he was denied effective assistance of counsel at the original trial. Appellant asserts that his court-appointed attorney, Ralph E. Baird, was derelict in not producing evidence consisting of a "guest book" maintained at an establishment known as Jerry's Club in Commerce, Oklahoma.

The robbery occurred on August 7, 1970, at the Crest Drive-In Theater in Joplin, Missouri. The victim was Ellen McClary, who operated the ticket booth. In identifying appellant as the robber Ellen testified that she had seen him once previously, i. e., on July 5, 1970, shortly after 10 p. m.[1]

At the original trial appellant and his witness Jean Bebee testified that between 8 p. m. on July 5, 1970, and 1 a. m. the next day, the two of them were together at Jerry's Club and that they signed the guest book so reflecting. The guest book, argues appellant, "would have been an important piece of evidence to corroborate" their testimony.

Far from establishing dereliction on the part of Mr. Baird in his efforts to locate the guest book, the record shows that Baird, several days prior to the original trial, made two trips to Oklahoma and some telephone calls in a futile attempt to procure it as evidence. Baird found that Jerry's Club "had been burned, completely destroyed." Additional efforts on his part to obtain the name of the proprietors of Jerry's Club met with some degree of success but, as Baird testified at the motion hearing, "I never got the book and I did not determine whether it was still in existence or not."

At the motion hearing, held in April 1975, appellant produced no evidence to show that the book was in existence at the time of the original trial or at any time thereafter.

■ A movant who bases his claim of ineffective assistance of counsel upon the ground of inadequate investigation "has the burden of showing that a fuller investigation would have uncovered evidence which would have improved his trial position and that he was deprived of evidence of substance by such neglect to his prejudice." *Fritz v. State*, 524 S.W.2d 197, 199[2] (Mo. App.1975); *Williams v. State*, 536 S.W.2d 190, 192 (Mo.App.1976).

■ Mr. Baird cannot be blamed for not obtaining the unobtainable. His zealous efforts to obtain the guest book were as timely as they were unproductive. His capable and gratuitous endeavors do not deserve the callous ingratitude and the baseless criticism which appellant accords them.

Appellant's first contention has no merit.

Appellant's second contention is that the trial court erred in denying that portion of the motion which sought post-conviction relief on the basis of alleged newly discovered evidence. The latter consisted of the affidavit[2] of one Paul Glover to the effect that on August 7, 1970, appellant, Glover and a third man left Joplin, Missouri, by automobile at approximately 1 p. m. and arrived in Marion, Indiana, on August 8, 1970, at approximately 12:30 a. m. "where the local police stopped us and conducted an investigation which was routine in nature—after the Marion police were satisfied that we were conducting ourselves in a lawful manner we were permitted to continue on our journey."

Appellant argues that the affidavit shows that he could not have been in Joplin at 10:15 p. m. on August 7, 1970, when the robbery occurred.

At the original trial[3] appellant told the jury that he did not remember where he

---

1. It is a clear inference from the instant record that the July 5, 1970 occasion also involved a robbery of Ellen McClary by appellant.

2. At the motion hearing the state did not object to the introduction into evidence of the affidavit on the ground that it was hearsay.

3. The transcript of the original trial was received in evidence at the motion hearing.

was on August 7, 1970.[4]  Although appellant testified on his own behalf at the motion hearing that he "remembered where he was at the time this robbery occurred," he failed to state the contents of that new memory.

■ Appellant's point concerning the alleged newly discovered evidence was asserted in his motion for new trial filed after the verdict was rendered in the original proceeding.  That point, however, was not raised on the original appeal and was thus abandoned.  The state has failed to argue here that the foregoing treatment of the point precludes its re-assertion in a Rule 27.26 proceeding.[5]

The state does take the position in this court that newly discovered evidence may not be invoked as a ground for relief under Rule 27.26.[6]

The trial court, however, received Glover's affidavit in evidence as well as appellant's testimony, limited as it was, with respect to this ground.  The trial court found "that [appellant's] testimony and the hearsay affidavit of his witness as to the whereabouts of [appellant] on August 7, 1970, are not credible or of sufficient evidentiary value to sustain [appellant's] burden of proof on the issue of newly discovered evidence."

■ In a Rule 27.26 proceeding "the weight of the evidence and credibility of the witnesses are matters for the trial court," *Shoemake v. State*, 462 S.W.2d 772, 775[2] (Mo. banc 1971), and the trial court may reject testimony offered on behalf of the movant even though there was no contrary evidence.  *Shoemake*, supra, at p. 775[4].

In *Lee v. State*, 526 S.W.2d 329, 332[4] (Mo.App.1975) it is said:

"In a 27.26 proceeding the prisoner has the burden of establishing his grounds for relief by a preponderance of the evidence.  Rule 27.26(f).  When the ground for relief is newly discovered evidence, the issue for the court is not simply whether the prisoner has produced new evidence, but whether the prisoner has produced substantial evidence of probative value that tends to disprove his guilt.  *State v. Stegall*, 485 S.W.2d 414 (Mo.1972); *Beishir v. State*, supra."

■ It may not properly be said that the trial court was clearly erroneous in finding that appellant's evidence was insufficient to sustain his burden of proof on the issue of newly discovered evidence.  *Lee*, supra, 332[6].  Appellant's second contention has no merit.

The judgment is affirmed.

All concur.

---

4. Peculiarly, appellant remembered where he was on July 5, 1970, as mentioned earlier in this opinion.

5. As to the validity of such an argument see *Covington v. State*, 467 S.W.2d 929, 930[1, 2], 933[6] (Mo.1971) and *Russell v. State*, 494 S.W.2d 30, 38[11, 12] (Mo.1973).

6. See *Beishir v. State*, 480 S.W.2d 883, 885[1] (Mo.1972); *Agee v. State*, 512 S.W.2d 401, 403[6] (Mo.App.1974); *Lee v. State*, 526 S.W.2d 329, 331 (Mo.App.1975); *Hatfield v. State*, 529 S.W.2d 180 (Mo.App.1975).