Benjamin CHERRY, Movant,

v.

STATE of Missouri, Respondent.

No. 46314.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 27, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Nov. 15, 1983.

Application to Transfer Denied
Dec. 20, 1983.

Ann E. Buckley, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

RONALD M. BELT, Special Judge.

After an evidentiary hearing, the trial court denied movant's Rule 27.26 motion. Movant appeals.

Movant was convicted of attempted rape and was sentenced as a prior offender to a fifteen year term with the Department of Corrections. This court dismissed his appeal. Movant filed an amended 27.26 motion and sought to vacate his conviction and sentence because of defects in the information, defects in the sentencing procedure, ineffective assistance of counsel, instructional error and because of circumstances attending the dismissal of his appeal. The trial court filed findings of fact and conclusions of law and denied movant relief. Our review is limited to a determination of whether or not the findings, conclusions and judgment of the trial court are

clearly erroneous. *Moore v. State,* 624 S.W.2d 520, 522 (Mo.App.1981). We affirm.

On appeal, movant alleges the court erred in failing to find that the substitute information charging him with attempted rape was insufficient. It reads:

> "That Ben Cherry, also known as Ben Eldridge Cherry, and William Miller, at the City of St. Louis, State of Missouri, on the 4th day of June, 1975, did unlawfully and feloniously make an assault upon one Lynn Evy, a woman over the age of sixteen years, and did then and there unlawfully attempt to rape, ravish and carnally know the said Lynn Evy, against her will, but did then and there fail in the perpetration thereof; contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the state."

Movant contends that the conjunctive phrase "unlawfully and feloniously" modifies the word "assault" and that with respect to rape the information only charges that it was "unlawful." He therefore contends that the information does not allege that movant had the specific intent to commit the choate offense of rape. Movant does not contend that he was prejudiced in any way nor does he contend that the information fails to inform him of the charges against him. The trial court found that the element of intent was not omitted from the information and held that the conjunctive phrase "unlawfully and feloniously" was sufficient to put movant on notice his actions were intended.

The Missouri Supreme Court in *State v. Downs,* 593 S.W.2d 535, 540 (Mo.1980) enunciated the test for determining the sufficiency of an information:

> The fundamental test of the sufficiency of an information is whether or not it states the essential elements of the offense charged so that the defendant is adequately informed of the charge against him and the final disposition of the charge will constitute a bar to further prosecution for the same offense.

The Court further stated that Missouri has "clearly rejected the 'extremely technical requirements' " of the common-law rule of pleading. 593 S.W.2d at 541.

Thus, the trial court's finding that the element of intent was not omitted from Count III of the information, was not clearly erroneous. The phrase "unlawfully and feloniously" was sufficient to put movant on notice that his actions were intentional. In addition, the crime as charged was such that it clearly implied that his actions were intentional.

Movant also contends that the information against him was defective because Supreme Court Rule 24.04 (now 23.05) which permitted the three separate charges of assault with intent to kill, sodomy and attempted rape to be joined in one information was unconstitutional, in violation of Art. V, § 5 of the Missouri Constitution. At the trial, movant was acquitted on the charge of assault with intent to kill and sodomy. The Missouri Supreme Court in *State v. Duren,* 556 S.W.2d 11 (Mo. banc 1977), *rev'd on other grounds,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), ruled this precise constitutional contention against movant, and thus it has no merit.

In a related vein, movant asserts that counsel was ineffective for failure to file a motion to sever the attempted rape charge from the other two charges. The trial court found counsel's failure to file a motion to sever was trial strategy and therefore not a basis for finding ineffective assistance of counsel. *See Perry v. State,* 579 S.W.2d 728, 730 (Mo.App.1979); *Aikens v. State,* 549 S.W.2d 117, 121 (Mo.App.1977).

Movant next contends that the 27.26 trial court erred in failing to find that the giving of Instruction No. 8 at the trial, without evidentiary support, was sufficient grounds for vacating his conviction. Instructional error is not generally a matter which may be reviewed in a 27.26 proceeding. *Campbell v. State,* 515 S.W.2d 453, 456 (Mo.1974); *Stewart v. State,* 578 S.W.2d 57, 59 (Mo.App.1978). Movant seeks to fit within an exception to that rule by alleging that the error "is so glaring as to render the

trial unfair." *See Edwards v. State,* 535 S.W.2d 124, 125 (Mo.App.1976). The trial judge found that movant was not denied due process of law nor the right to a fair trial. After a careful review of the trial transcript we conclude that the trial court's finding was not clearly erroneous as the evidence, reviewed in the light most favorable to the state, supported the instruction in question.

■ Movant further asserts the trial court erred in failing to set aside his sentence of fifteen years. On March 4, 1976, the day the jury verdict was received, the trial court announced it would assess movant's punishment on April 1, 1976. The court ordered the Missouri Board of Probation and Parole to prepare and present its written pre-sentence investigation report on or before April 1, 1976. On March 12, 1976, movant filed a motion for a new trial. On April 1, 1976, the court assessed movant's punishment at imprisonment in the Missouri Department of Corrections for a period of ten years. The motion for a new trial and formal sentencing were set for April 2, 1976.

On April 2, 1976, the court announced that it had assessed movant's punishment on April 1, 1976, before receiving the pre-sentence report. The court then announced that on consideration and review of the report the assessment of April 1, 1976 was held for naught and movant's punishment was reassessed at fifteen years in the Missouri Department of Corrections. The hearing on the motion for a new trial and formal sentencing were set for April 9, 1976.

On April 9, 1976, movant's motion for a new trial was argued and overruled. Movant was, after extensive questioning regarding the pre-sentence report, then formally sentenced to the Missouri Department of Correction for fifteen years.

Movant contends that the court's action constituted cruel and unusual punishment and subjected movant to double jeopardy. Missouri law holds that "[t]he determination of punishment made by the trial judge, after conviction and before the filing and ruling on a motion for new trial, is not a formal sentencing or a final judgment and does not preclude the trial judge from reaching a different conclusion and imposing a different sentence on final judgment." *King v. Swenson,* 423 S.W.2d 699, 703 (Mo. banc 1968). *See State v. Jaeger,* 394 S.W.2d 347, 352 (Mo.1965); *State v. Burroughs,* 559 S.W.2d 42, 43 (Mo.App. 1977). Movant received only one punishment for the offense. He was never sentenced and then resentenced. Movant's reliance on double jeopardy is misplaced. *See Donaldson v. Wyrick,* 393 F.Supp. 1041 (W.D.Mo.1974). We find no merit to this point.

■ Finally, movant challenges the trial court's finding that the dismissal of his appeal was the direct result of his voluntary abandonment of his appeal. He challenges this for the reasons that: 1) such findings were not supported by substantial evidence; 2) he was not advised of his right to appeal pro se by the court; and 3) he was denied effective assistance of counsel because the public defender did not advise him before withdrawing that he could pursue his appeal pro se.

As noted earlier, review of the trial court's rulings on a 27.26 motion is limited to a determination as to whether its findings, conclusions and judgment are clearly erroneous. Movant has the burden of establishing his grounds for relief by a preponderance of the evidence. *Lee v. State,* 526 S.W.2d 329, 332 (Mo.App.1975); Rule 27.26(f). "The weight of the evidence and credibility of the witnesses are matters for the trial court, and the trial court has the right to reject testimony on behalf of movant in a 27.26 hearing even though there was no contrary evidence offered at the hearing." 526 S.W.2d at 332.

■ Movant failed to establish by a preponderance of the evidence that his failure to pursue his appeal was not voluntary. The evidence supports the trial court's finding that his appeal was dismissed because he voluntarily failed to pursue it.

Affirmed.

REINHARD, P.J., and V. JAMES RUDDY, Special Judge, concur.