**James GEE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 49780.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 26, 1985.

Motion for Rehearing and/or Transfer
Denied Jan. 7, 1986.

James S. McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Judge.

Appeal from the St. Louis City Circuit Court's denial of defendant James Gee's Rule 27.26 motion.

Movant-defendant had pled guilty to felonious assault and burglary. As a prior felon he had been sentenced to concurrent ten year prison terms.

Defendant now challenges the post-evidentiary hearing denial of his Rule 27.26 motion. Thereby he contends trial counsel failed to interview and call "a known alibi witness."

Two women are named by defendant concerning his claimed alibi: His live-in companion Betty Gould and his sister Florence Husky. Defendant now says he told trial counsel that Betty Gould would testify to an alibi but counsel did not contact her. Contrary to this, when pleading guilty defendant testified he had told his counsel only about Florence Husky; defendant then told the court Husky was the only alibi witness he had, and that counsel had contacted her.

At the evidentiary hearing defendant's appointed counsel who was a veteran public defender testified. She did not recall defendant had ever mentioned Betty Gould. In her initial interview with defendant counsel had made a written record of his answers about possible witnesses. There was no entry there, nor in defendant's several letters to her, naming any alibi witness.

Upon submission the motion court made detailed findings and concluded:

"The record and counsel's testimony repudiates this claim in that Movant-Defendant gave defense counsel the name of only one witness, and counsel did contact said witness, who could give no information about the charges."

"The defendant failed to show by a preponderance of the evidence or as a matter of law he was denied of his constitutional rights or that he had ineffective assistance of counsel at any time. All allegations of the Movant-Defendant are refuted by the record."

We conclude defendant has failed to meet his burden of showing trial counsel was ineffective by not calling and interviewing a known alibi witness. *Cherry v. State*, 660 S.W.2d 361, 364[7] (Mo.App. 1983); Rule 27.26(f).

Affirmed.

DOWD, P.J., and PUDLOWSKI, J., concur.